■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLO GUNTER, Appellant.—

It is undisputed, and the hearing court so found, that the defendant and his codefendant were under arrest from the initial point of the confrontation with the Newburgh police *(see, People v Brnja,* 50 NY2d 366; *People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106; *cf., People v Hicks,* 68 NY2d 234). Probable cause was therefore the required predicate for this intrusion *(People v De Bour, supra).* The hearing court erred in basing its finding of probable cause on the content of the radio transmission received by the arresting police officers. It is accepted that while a radio transmission furnishes prima facie probable cause, such a presumption disappears when challenged by a suppression motion and the People are required to demonstrate that the sender had probable cause or that the independent observations of the officers at the scene of the arrest were sufficient to justify the action taken *(see, People v De Bour, supra; People v Lypka,* 36 NY2d 210, 214).

Our review of the hearing record discloses that the description of the robber by the victims was too vague and meager to constitute probable cause to believe that one of defendants was the perpetrator *(see, People v White,* 117 AD2d 127; *People v Riddick,* 110 AD2d 787; *People v Vincente,* 100 AD2d 789). At best, when coupled with the observations of the State Trooper, there was only reasonable suspicion which did not legally justify the arrest of the defendants.

Accordingly, we reverse the hearing court's decision and grant that branch of the defendant's omnibus motion which was to suppress the physical evidence which were the fruits of the unconstitutional arrest.

We also dismiss the indictment since, without the physical evidence, the record is bereft of a prima facie case to establish the defendant's guilt *(see, People v Bouton,* 50 NY2d 130, 136). Significantly, the victims failed to identify the defendant as the robber. In addition, the testimony of the codefendant is uncorroborated by the victims' description. They described the robber as being over 6 feet tall with a slim to medium build. The defendant is only 5 feet 9 inches tall and weighed approximately 200 pounds at the time of his arrest.

In view of our determination, we need not address the defendant's remaining contentions. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.