■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO ALFONSO, Appellant.—Judgment, Supreme Court, New York County (Richard C. Failla, J.), rendered February 21, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and sentencing him as a predicate felon to concurrent indeterminate prison terms of from five to ten years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755 [1984], *cert denied* 469 US 932 [1984]), defendant's guilt was proved beyond a reasonable doubt. From a roof-top, a police officer, using high-powered binoculars, observed defendant, standing on the corner of 9th Street and Avenue C, exchanging vials of crack with a female buyer for U.S. currency. The female buyer was arrested. Defendant was arrested after making another sale in which he removed vials from a paper bag. The inconsistencies between an officer's testimony and earlier statements or reports (Officer Lotz initially described the black female buyer as white), and the fact that Officer Lotz failed to notice that portions of two of the defendant's fingers were missing, did not render the People's evidence so incredible as to justify disturbing the jury's findings of fact. Since the jury was entitled to accept or reject the People's explanations for these inconsistencies, as well as other discrepancies brought out by the defense, we decline to disturb the jury's determination of guilt.

In summation, the defense attorney characterized the testimony of the police officers as follows: "Instead, they came in here and they lied, continuously lied, and we caught them in some pretty major lies at that." In reply, the prosecutor stated that the defense counsel had accused the prosecutor's witnesses of lying in the "hope that just one of the jury will believe [him], because all the defense needs in this case is for one [juror] to believe him in order to avoid a conviction in this trial." In view of the overwhelming evidence of guilt, any improper characterization of the intent of the defense attorney did not deprive defendant of a fair trial. Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Smith, JJ.