■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CONYERS, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered March 13, 1990, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to an indeterminate term of imprisonment of from 17 years to life, unanimously affirmed.

By Indictment No. 4841/88, filed July 29, 1988, defendant was charged with the crimes of murder in the second degree

and criminal possession of a weapon in the second degree. The charges stemmed from the shooting death of Charles Adamson, which occurred during an altercation in the early morning hours of July 10, 1988. Following a jury trial, defendant was convicted of manslaughter in the first degree, and sentenced as aforenoted. On appeal, he argues, *inter alia,* that his guilt was not proved beyond reasonable doubt, that the court erred in not granting a mistrial on the ground of juror misconduct, and that the sentence imposed was excessive. We affirm.

First, defendant's claim that the prosecution failed to meet its burden of proving his guilt beyond a reasonable doubt is predicated upon matters of credibility regarding competing facts and inferences which, it is well established, are for the jury to weigh and determine *(see, People v Gerard,* 50 NY2d 392, 397; *People v Alfonso,* 171 AD2d 485, *lv denied* 77 NY2d 991; *People v Wigfall,* 161 AD2d 413, *lv denied* 76 NY2d 798). Further, viewing the evidence in the light most favorable to the prosecution, as we must *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we reject defendant's claim that the jury's verdict was against the weight of the evidence, and find that it was predicated upon a "valid line of reasoning and permissible inferences" *(People v Bleakley,* 69 NY2d 490, 495).

Defendant next contends that a mistrial should have been granted because one of the jurors, sequestered for the night after the first day of deliberations, was observed attempting to leave the hotel on bed sheets via his second-story window. Court Officers returned him to his room and, at an inquiry conducted in Chambers the following morning, the trial court concluded that, despite the "seemingly strange" episode, a mistrial was not warranted.

Our reading of the record persuades us that the court's inquiry was adequate to establish that the juror was not prevented from rendering an impartial verdict, or that he was otherwise grossly unqualified *(see, People v Buford,* 69 NY2d 290, 298; *People v Rodriguez,* 71 NY2d 214, 219). A trial court's determination on matters of this kind is entitled to great weight *(People v Olin,* 186 AD2d 74), and we find that the court's prompt "probing and tactful inquiry with the juror" was sufficient to support its findings *(People v Rodriguez,* supra, at 220; *see, People v Cargill,* 70 NY2d 687, 689; *People v Michael,* 48 NY2d 1, 10).

The juror indicated to court's satisfaction that he had not engaged in any discussions about the case after the jury was

sequestered for the evening, that he understood the case was a serious matter, and that he was capable of deliberating and deciding the case on the evidence and the law as charged by the Judge. His assurances were confirmed in large part by his roommate who informed the Judge that the juror had participated extensively in the day's deliberations, and exhibited no unusual behavior, other than "just jok[ing] around a lot."

Also to be accorded deference is the trial court's exercise of discretion in matters of sentencing *(see, People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951). Absent a clear abuse of such discretion, which we do not find in this record, a trial court's sentence should not be disturbed *(People v Davis,* 92 AD2d 177, 189, *affd* 61 NY2d 202), and we accordingly decline to do so.

We have examined the balance of defendant's claims on appeal, and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.