■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD S. LOWE, Appellant. [598 NYS2d 613] —Crew III, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered November 1, 1991 in Broome County, upon a verdict convicting defendant of two counts of the crime of criminal possession of a weapon in the third degree.

Defendant's contention that the verdict was based upon legally insufficient evidence and was against the weight of the evidence is without merit. Margaret Lowe testified that defendant entered her apartment in the City of Binghamton, Broome County, pulled a handgun from his overcoat and pointed it at her. Thomas Lowe testified that he took possession of the handgun, as well as a box of ammunition that he found in defendant's overcoat pocket, which defendant was wearing when he brandished the gun in the presence of Margaret Lowe. Police Officer Richard Felo testified that he test-fired the handgun using one round from the box of ammunition taken from defendant's overcoat pocket. Finally, defendant stipulated that he had previously been convicted of criminal possession of a forged instrument in the second degree. Viewing this evidence in a light most favorable to the People (see, *People v Holden,* 188 AD2d 757, 760), there existed a valid line of reasoning for the jury's determination which satisfied the burden of proof requirements for every element

of the offenses of criminal possession of a weapon in the third degree as defined in Penal Law § 265.02 (1) and (4) *(see, People v Bleakley,* 69 NY2d 490, 495). Furthermore, given the foregoing uncontroverted evidence, it would have been wholly unreasonable for the jury to arrive at a finding other than guilt and, accordingly, the verdict is in accord with the weight of the evidence as well *(see, supra).*

Defendant next contends that there should be a reversal and dismissal of the indictment because he was tried in violation of the double jeopardy proscriptions of the Federal and State Constitutions (US Const 5th Amend; NY Const, art I, § 6). We disagree. The record reflects that upon cross-examination of the prosecution witness Thomas Lowe, at the first trial of this matter, County Court learned that defense counsel had represented the witness in a previous criminal prosecution. County Court immediately conducted a *Gomberg* inquiry *(see, People v Gomberg,* 38 NY2d 307) and ascertained that defendant desired a mistrial and assignment of new counsel. County Court granted defendant's application for a mistrial, assigned new counsel and defendant was tried anew in Supreme Court. Inasmuch as defendant sought the mistrial, retrial of the action is not barred *(see, People v Catten,* 69 NY2d 547, 554). It is defendant's contention, however, that because the People were aware of the conflict prior to commencement of the first trial, their failure to reveal the conflict to the court and defendant dictates dismissal of the indictment. Such is not the case. On facts very similar to the case at bar, the Court of Appeals reversed a defendant's conviction due to the inexcusable failure of counsel to alert the trial court to the conflict of interest, but nevertheless ordered a new trial *(see, People v Wandell,* 75 NY2d 951).

Next, we hold that County Court was correct in denying defendant's motion to suppress the seizure of the handgun and ammunition without a hearing. The evidence challenged was seized from the automobile of defendant's brother, Thomas Lowe, at which time defendant was not present. As such, defendant had no standing to challenge the validity of that search and seizure *(see, People v Wesley,* 73 NY2d 351; *People v Ponder,* 54 NY2d 160).

Defendant's contention that County Court erred in failing to dismiss the indictment because his trial began more than six months after the commencement of this action is also without merit. County Court properly excluded from the statutory time period the delay attributable to defendant's pretrial

motions and the trial was thus timely commenced *(see,* CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523).

We have reviewed defendant's remaining contentions and conclude that they do not warrant reversal.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.