■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. WILSON, Appellant. [605 NYS2d 131] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Lomanto, J.), rendered November 26, 1991, upon a verdict convicting defendant of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated, and the traffic offense of driving while ability impaired.

Responding to a call about a car in a ditch in the Town of North Greenbush, Rensselaer County, police officers found defendant, who admitted that he had been drinking, in the driver's seat of the vehicle. Following sobriety tests, defendant was placed under arrest and transported to the police station, where a breathalyzer test was administered. Ultimately, defendant was indicted for two counts of driving while intoxicated as a felony, and one count of aggravated unlicensed operation of a motor vehicle in the first degree. A jury trial was held, and defendant was found not guilty of driving while intoxicated under Vehicle and Traffic Law § 1192 (3), but guilty of operating a vehicle with a blood alcohol content in excess of .10% (Vehicle and Traffic Law § 1192 [2]). On the other count of driving while intoxicated, he was found guilty of driving while ability impaired as a lesser included offense. He was also found guilty of aggravated unlicensed operation in the first degree. He was sentenced to five years' probation. Defendant appeals.

We reject defendant's argument that the 46-month delay between his arrest and trial violated his constitutional right to a speedy trial. Much of the delay was occasioned by defendant's pre-trial motions—including motions to inspect the Grand Jury minutes, for a suppression hearing, to dismiss the indictment on speedy trial and other grounds and to preclude the prosecution for noncompliance with CPL 710.30—coupled with County Court's inability, because of court backlog, to resolve those motions and the hearings they engendered more promptly. To the extent that these delays are attributable to court congestion and scheduling, they weigh against the State, albeit not as heavily as delay caused by prosecutorial inaction (see, People v Watts, 57 NY2d 299, 303). But what is particularly significant is that defendant was not incarcerated prior to trial, and that he has not made a convincing showing that the delay prejudiced his defense in any substantial way (see,

*People v Mullins,* 137 AD2d 227, 228-229, *lv denied* 72 NY2d 922). On balance, we find that the delay was not so excessive as to warrant dismissal of the charges *(see, People v Taranovich,* 37 NY2d 442, 445).

During the trial, County Court informed the People and defense counsel that, as a result of juror No. 8's statement to a court attendant that juror No. 7 had said "[defendant] didn't do it" to juror No. 8 "a couple of times", the court had interviewed both jurors in camera. After recounting a summary of those interviews, the court entertained and granted the People's motion to excuse juror No. 7 on grounds of gross disqualification; defendant's subsequent motion to have juror No. 8 excused was denied. Defendant maintains that the court's in camera inquiry violated his right to be present at all material stages of the trial, that the failure to make a record of the discussions improperly impaired his right to appeal, and that the court erred substantively in dismissing juror No. 7 and retaining juror No. 8.

Because we find merit in the first of these three contentions, we reverse. Initially, we note that defendant's failure to object to County Court's examination of the jurors in his absence does not foreclose assertion of that issue on appeal *(see, People v Torres,* 80 NY2d 944, 945). And inasmuch as the court's inquiry touched on matters of juror bias and prejudice, it was improper to conduct those discussions with neither defendant nor his attorney being present *(see, People v Darby,* 75 NY2d 449, 453-454). In short, defendant's lack of representation by counsel or personal presence at the court's inquiry deprived him of his fundamental right to a fair hearing and mandates reversal.

As for defendant's other assertions of error, we find them to be meritless. Having not been objected to, the extent of County Court's inquiry, its failure to create a record of the examination of the jurors, and the accuracy of its summary of the in camera discussions are beyond the scope of our review *(see, People v Torres, supra,* at 945). Furthermore, on the basis of the record as it stands, and according due deference to the court's ability to evaluate the jurors' responses and demeanor *(see, People v Buford,* 69 NY2d 290, 299; *People v Conyers,* 189 AD2d 607, 608, *lv denied* 81 NY2d 969), if we were to confront the issue we would find the court's dismissal of juror No. 7 and retention of juror No. 8 fully supportable.

Weiss, P. J., Mikoll, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter

remitted to the County Court of Rensselaer County for a new trial.