■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAYTON R. MANN, Appellant. [607 NYS2d 158] —Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered August 26, 1992, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and rape in the third degree (two counts).

Defendant contends that he was denied a speedy trial and that he was not afforded effective representation of counsel. We find both arguments to be without merit and affirm. The record reflects that the People announced their readiness for trial at defendant's arraignment, formally notified defendant of that readiness, continued to so advise defendant at subsequent appearances and remained in fact ready during the entire pendency of the case. The record further shows that the 22-month delay was primarily created by the defense through two changes in attorneys, multiple motions and extensive plea bargaining (including interaction with the prosecutor in Albany County where other felony charges were pending). The limited delay which occurred after defendant articulated his demand for an immediate trial was due solely to scheduling by County Court. Defendant's contention that the trial delay resulted in prejudice attributable to the death of his potential witness is without merit. The witness died of a progressively disabling AIDS-related illness of which defendant, but not the prosecutor, was aware. Moreover, the death occurred some six months after defendant's arraignment and two months after he changed counsel the first time.

Defendant had been released on bail for most of the time period between his arraignment and his plea on June 29, 1992. At the time of his plea, County Court agreed to sign a nunc pro tunc order revoking bail effective June 14, 1991 in order to afford defendant credit for jail-time (for the time he had been incarcerated on other charges pending in Albany County) against his agreed-upon sentence. Therefore, defendant was not prejudiced by any pretrial incarceration on the instant charges. A balancing of all the relevant factors clearly demonstrates that defendant was not deprived of his constitutional right of a speedy trial (see, People v Taranovich, 37 NY2d 442, 445; People v Wilson, 199 AD2d 631). Nor was his legal representation ineffective because the trial had not been scheduled prior to the death of his potential witness. As noted, the death occurred less than two months after the new attor-

neys were substituted into the case. The witness was neither an alibi nor an occurrence witness, but rather a noncritical character witness whose loss cannot be attributed to any inadequacy in defendant's legal representation.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.