(March 24, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD H. RHEM, JR., Appellant. [609 NYS2d 434] —Casey, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered August 31, 1989 in Albany County, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant's conviction arose out of charges that he and codefendant Linda Edmonds robbed and killed Asbury Booker in the City of Albany. Based upon an interview with Willie McDuffie, a witness to the incident, the police learned that Edmonds was with Booker shortly before he was killed. McDuffie also gave the police a description of a person he saw crouching over Booker's body, and he told the police that the person got into a car in which Edmonds was sitting and drove off. Based upon McDuffie's description of the car, the police determined that it belonged to Edmonds. The day after the murder, the police stopped Edmonds' vehicle, which was being driven by defendant; Edmonds was a passenger. According to the officers who testified at the suppression hearing, defendant met the description given to them by McDuffie of the man crouching over Booker. Defendant was taken to the police station, where he was advised of his *Miranda* rights. McDuffie thereafter identified defendant from a photographic array and the police obtained defendant's consent to search his apartment.

Defendant contends that the evidence seized from his apartment should have been suppressed because his warrantless arrest was illegal. According to defendant, the physical description given by McDuffie was too vague and meager to constitute probable cause to believe that defendant was involved in Booker's murder *(see, e.g., People v Gunter,* 158 AD2d 541, 542, *appeal dismissed* 76 NY2d 735). Regardless of the merits of this argument, it is clear that the police did not rely only upon McDuffie's description. The police had confirmed Edmonds' presence at the scene of the murder and that she was with Booker shortly before he died, and that the person seen crouching over Booker had driven away with Edmonds in Edmonds' vehicle. When the vehicle was stopped the next day, defendant was driving and Edmonds was a passenger. Considering all of the circumstances, including the officers' unequivocal testimony that defendant matched the description given by McDuffie, we conclude that probable cause existed for defendant's arrest *(see, People v Mojica,* 171 AD2d 698; *People v Peters,* 136 AD2d 750, *lv denied* 72 NY2d 864; *People v Rodriquez,* 128 AD2d 740).

We find no merit in defendant's argument that his consent to search his apartment was coerced *(see, People v Walton,* 144 AD2d 180, 181, *lv denied* 73 NY2d 897). Defendant's double jeopardy claim is also meritless, inasmuch as his first trial terminated upon his motion for a mistrial *(see, People v*

*Catten,* 69 NY2d 547, 554; *People v Lowe,* 194 AD2d 825, 826, *lv denied* 82 NY2d 722).

Defendant also alleges several instances of prosecutorial misconduct. As to the *Rosario* material, there is no evidence of substantial prejudice from the prosecution's late production of the material *(see, People v Clark,* 194 AD2d 868, *lv denied* 82 NY2d 752). Defendant's claim based upon CPL 710.30 was not preserved by adequate objection *(see, People v Guerrero,* 69 NY2d 628, *revg on dissenting opn below* 111 AD2d 350, 355-356), and in any event the statements were exculpatory in nature *(see, People v Reed,* 154 AD2d 629, 630, *lv denied* 75 NY2d 774). We have considered defendant's other arguments, including those raised in defendant's *pro se* brief, and find them lacking in merit. We also note that the record contains overwhelming proof of defendant's guilt.

Mikoll, J. P., White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.