■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BOOMER, Appellant. [632 NYS2d 309] —Spain, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered May 12, 1994, upon a verdict convicting defendant of the crimes of attempted murder in the first degree

(three counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree (three counts), attempted aggravated assault on a police officer (three counts), and criminal possession of a controlled substance in the fifth degree.

Criminal proceedings were commenced against defendant on June 28, 1991 when felony complaints were filed in Albany City Court. Thereafter on August 9, 1991, a 13-count indictment was returned by the Grand Jury; defendant was arraigned before Albany County Court (Keegan, J.) on August 13, 1991 and on said date the People orally stated and filed a notice of readiness for trial and the matter was assigned pursuant to the Individual Assignment System procedure (hereinafter IAS) to Albany County Court (Turner, Jr., J.).

The primary issues in this case are whether (1) defendant is entitled to a reversal and dismissal of the indictment upon the grounds that the IAS Court's directive regarding omnibus motions* was violative of defendant's substantive and procedural due process, (2) County Court committed reversible error by refusing to allow lay witnesses to state their opinions regarding the rationality of defendant's acts, and (3) defendant was denied his statutory and constitutional right to a speedy trial (see, CPL 30.30; see also, US Const 6th Amend; CPL 30.20; Civil Rights Law § 12).

On September 11, 1991, pursuant to its IAS directive, County Court (Turner, Jr., J.) issued an omnibus discovery order in defendant's case. On March 4, 1992 a suppression hearing was commenced, at which time the People provided defendant with, inter alia, a copy of a police incident report reflecting defendant's history of schizophrenia. In response, defense counsel requested an adjournment to review defendant's his-

---

* In 1985 County Court (Turner, Jr., J.) issued a directive to all defense counsel establishing a procedure, pursuant to IAS, eliminating the need for omnibus motions in Albany County Court. County Court would instead issue an omnibus discovery order, at the time of arraignment, directing the People to comply with the discovery requirements of CPL article 240 and section 200.95, and to produce the Grand Jury minutes for in camera review, and providing for the scheduling of an initial conference, suppression and other hearings. Significantly the directive stated that written motions would be entertained if the parties desired, but expressed a preference for disposing of as much as possible by oral motion. The directive further stated that calendar calls would be eliminated, to be replaced by a pretrial conference, at which the People would be asked to state for the record their readiness to proceed to trial.

tory and, on February 10, 1993, a competency hearing was held to determine defendant's fitness to stand trial; following the hearing County Court (Turner, Jr., J.) issued an order on April 28, 1993 declaring defendant unfit to proceed and committing defendant to Mid-Hudson Psychiatric Facility (hereinafter Mid-Hudson) in Orange County. Defendant was eventually found fit to stand trial and discharged from Mid-Hudson on September 1, 1993 for further proceedings on the indictment.

On October 22, 1993 the suppression hearing was completed in County Court (Turner, Jr., J.). On March 31, 1994 defendant moved for dismissal of the indictment for violation of his statutory and constitutional rights to a speedy trial, and because of jurisdictional and legal impediments based on County Court's IAS directive. On April 1, 1994 and April 4, 1994, respectively, County Court (Turner, Jr., J.) issued decisions denying defendant's motion to suppress and finding the Grand Jury minutes sufficient to sustain the indictment. On April 5, 1994 County Court (Keegan, J.), the assigned trial part, issued a decision denying defendant's speedy trial motion and declining to review the IAS directive of County Court (Turner, Jr., J.).

A jury trial commenced April 6, 1994 and concluded April 11, 1994, at which defendant raised the defense of not guilty by reason of mental disease or defect; defendant was convicted on all but count 12 of the indictment. Defendant received an indeterminate sentence of imprisonment totaling $82^1/2$ years to life. Defendant appeals.

We first conclude that the IAS directive of County Court (Turner, Jr., J.) did not violate defendant's right to due process. Notably, contrary to defendant's characterization, the IAS directive did not prohibit the filing of omnibus motions and explicitly reserved the right of either party to submit written motions. Moreover, the directive neither conditioned the submission of pretrial motions on prior judicial approval, a practice which has been uniformly condemned (see, e.g., Heist v Cameron, 211 AD2d 429, 430; Matter of Hochberg v Davis, 171 AD2d 192, 195, amended 179 AD2d 372), nor did it shorten the legislatively mandated 45-day time period within which a defendant may submit pretrial motions (cf., Matter of Veloz v Rothwax, 65 NY2d 902, 903). Furthermore, the record reflects that defendant participated in the suppression hearing without objection and received both discovery materials and a response to his request for a bill of particulars. Defendant has failed to demonstrate how the IAS directive in question has in any way denied him due process of law (see, Matter of Sharpton v Turner, 169 AD2d 947, 950).

Moving next to defendant's contention that County Court committed reversible error by refusing to permit police officers to testify on cross-examination as to their impression of the rationality of defendant's acts, this Court has held that where, as here, the defendant attempts to prove the defense of mental disease or defect, a lay witness may render an opinion as to whether a defendant's behavior appeared to have been rational or irrational (*see, People v Clark*, 94 AD2d 846, 847). However, in the case at bar, defendant and the People each presented the testimony of a medical expert to support their respective positions. Since the jury was ultimately presented with conflicting expert testimony and determined that defendant was guilty (*see, People v Moss*, 179 AD2d 271, 273, *lv dismissed* 80 NY2d 932), and since any lay testimony would merely have served to buttress the testimony of the expert witnesses (*see, People v Seiler*, 139 AD2d 832, *lv denied* 72 NY2d 924), we conclude that even if County Court's ruling constituted error, the error was harmless.

Finally, because, as the record reflects, the People clearly communicated their readiness for trial on August 13, 1991, County Court correctly found that the People complied with their statutory obligation to declare their "in fact" readiness for trial within six months of the commencement of this action (*see, e.g., People v Mann*, 200 AD2d 910; *People v Sutton*, 199 AD2d 878, 879). Moreover, there is no merit to defendant's contention that the People were not ready during this period of time because there had been no decision on motions for discovery and suppression; periods between the making of such motions and decisions thereon are excludible from the statutory period (*see*, CPL 30.30 [4] [a]; *People v Hughes*, 180 AD2d 908, 909, *lv denied* 80 NY2d 1027). Furthermore, the period of time between the commencement of the suppression hearing on March 4, 1992, when defense counsel requested an adjournment, to the date of defendant's competency hearing on February 10, 1993, are properly excluded from the time chargeable to the People (*cf., People v Collins*, 82 NY2d 177, 181-182; *People v Liotta*, 79 NY2d 841; *see*, CPL 30.30 [4] [b]). The period between February 28, 1993 and April 28, 1993, when County Court (Turner, Jr., J.) signed the order of commitment to Mid-Hudson and through September 1, 1993, when defendant was released from Mid-Hudson (*see*, CPL 30.30 [4] [a], [b]), and the period from defendant's release until the scheduling of the completion of the suppression hearing approximately six weeks later, on October 22, 1993, and County Court's decision thereon, on April 4, 1994, are also properly excluded from the time periods chargeable to the People.

However, there is nothing in the record which explains the nearly six-month delay between September 11, 1991, the date of County Court's omnibus discovery order, and March 4, 1992, the date of the commencement of the suppression hearing. The People contend that this type of delay was caused by calendar congestion and, therefore, not chargeable to them, yet there is nothing in the record which either supports or refutes this contention. While both County Court and the People conclusively assert that the Grand Jury minutes were timely produced for County Court's inspection, there is nothing in the record which indicates the date on which they were produced. Because the facts underlying the foregoing delays are unclear, we must remit this matter to County Court for a hearing to further develop the record in this regard (*see, People v McKenna*, 76 NY2d 59; *People v Sutton, supra*, at 880).

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.

