■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BLACK, Also Known as DEVRON DELANEY, Appellant. [668 NYS2d 364] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered February 10, 1994, convicting defendant, upon his plea of guilty, of robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of stolen property in the fifth degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent prison terms of 7¼ to 14½ years, 6 to 12 years, 1 year and 6 months, respectively, unanimously affirmed.

Defendant, who pleaded guilty, waived appellate review of his speedy trial claim (*People v O'Brien*, 56 NY2d 1009). Defendant's claim that he was denied effective assistance of counsel because his attorney did not move to dismiss the indictment on speedy trial grounds is also unpreserved since defendant failed to move to withdraw the plea on these grounds (*People v Lu Yang Tong*, 238 AD2d 607; *People v Sierre*, 173 AD2d 211, *lv denied* 78 NY2d 974). In any event, since defendant's claim of ineffective assistance was never explored in the context of a CPL 440.10 motion, it cannot be determined on the present record whether defense counsel decided against making a speedy trial motion for strategic purposes, such as to obtain, or avoid risking the loss of a favorable plea bargain (*People v Garcia*, 235 AD2d 268; *see also, People v Strempack*, 71 NY2d 1015; *People v Gladstone*, 239 AD2d 206). The record fails to support defendant's claim that a speedy trial motion would have been so "patently meritorious" as to exclude any strategic explanation for failure to make such motion. On the present record, since defendant obtained a favorable plea bargain, "it cannot be concluded that defendant was denied effective assistance of counsel." (235 AD2d, *supra,* at 269; *see also, People v Ford*, 86 NY2d 397, 404.) Concur—Milonas, J. P., Ellerin, Rubin and Tom, JJ.