■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. CALL, Appellant. [731 NYS2d 557] —Rose, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered March 18, 1998, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

In pretrial proceedings on charges arising from defendant's theft of $70 from his mother-in-law's home, County Court denied defendant's motion for recusal on the grounds that the Trial Judge had been District Attorney several years earlier when he was successfully prosecuted for assault in the second degree and resisting arrest and now issued a *Sandoval* compromise ruling which permitted the People to utilize these two prior convictions while precluding exploration of their underlying facts. When defendant testified at trial, however, his counsel inquired as to the details of these and other prior convictions. Concerned that defendant was not receiving effective assistance, County Court questioned counsel who voiced the intent to explore all of defendant's prior arrests to prove that his wife had a history of reporting false incidents when she was angry with him. County Court again questioned

counsel's strategy when defendant was asked why he pleaded guilty to those charges, but permitted the examination to continue when counsel asserted that he was pursuing a legitimate defense strategy. When counsel then asked defendant who had prosecuted him, County Court halted the questioning and learned that counsel was not aware that many of the charges being asked about had not terminated in dismissal as defendant maintained. When defense counsel also indicated that he had "agonized" over the wisdom of this strategy, County Court informed counsel and the People that it would be amenable to a motion for a mistrial, and appointed additional legal counsel to assist both defendant and his counsel in exploring this option. Thereafter, defendant moved for a mistrial, County Court granted the motion and defendant's counsel withdrew. After a second trial with new counsel, the jury returned a verdict convicting defendant of the charges. He was sentenced as a second felony offender and now appeals.

Initially, we find no merit in defendant's contention that, during the first trial, County Court infringed upon his right to the effective assistance of counsel by inquiring as to counsel's defense strategy and offering him a mistrial. While recognizing that a court "should be hesitant to interfere in an established attorney-client relationship" (*People v Hall*, 46 NY2d 873, 875, *cert denied* 444 US 848), we find that County Court did not limit counsel's pursuit of the chosen strategy other than to preclude evidence that the Trial Judge had been the District Attorney at the time of the earlier charges. Only after defense counsel conceded his ignorance of the dispositions of the prior charges against defendant did County Court prudently appoint supplemental counsel to help counsel explore the available options.

We reject also defendant's contention that his retrial was barred by double jeopardy because County Court provoked the mistrial. Since County Court granted the mistrial only after defendant moved for such relief following consultation with defense counsel and two other attorneys, we cannot conclude that defendant's motion for such relief was involuntary or that the mistrial was nonetheless required by a manifest necessity. Thus, defendant's knowing and voluntary motion for the mistrial removes any double jeopardy bar (*see, People v Catten*, 69 NY2d 547, 554; *People v Arduini*, 222 AD2d 965, 966, *lv denied* 87 NY2d 1016; *People v Rhem*, 202 AD2d 857, 858-859, *lv denied* 83 NY2d 971).

Finally, we have considered and find no merit in defendant's other contentions, including his claims that he was denied a

fair trial by the Trial Judge's refusal to recuse himself (*see, People v Miller*, 194 AD2d 230, 231, *lv denied* 83 NY2d 913; *People v Rosato*, 193 AD2d 1052, 1053, *lv denied* 84 NY2d 910) and that County Court failed to resolve a factual dispute concerning juror misconduct in his favor (*see,* CPL 330.40 [2] [g]; *People v Surdis*, 275 AD2d 553, 556, *lv denied* 95 NY2d 908).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.