■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT MICHAEL JACOBS, Appellant. [845 NYS2d 491]—

Lahtinen, J. Appeal from a judgment of the County Court of Franklin County (Assini, J.), rendered November 1, 2004, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child (two counts).

Defendant was arrested on October 26, 2003 based on felony complaints alleging, among other things, that he had engaged in repeated acts of sexual intercourse with his two adopted daughters beginning when they were eight and nine years old. He was indicted on March 31, 2004 for the crimes of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child (two counts). The People declared they were ready for trial on April 1, 2004 (the day after the indictment was handed down), and again on April 21, 2004, when defendant was arraigned. Defendant's subsequent motion to dismiss on statutory speedy trial grounds was denied. A jury trial was held in September 2004 and defendant was convicted of all the charges. County Court sentenced him to consecutive 20-year prison terms on the two felonies and consecutive one-year terms on the two misdemeanors. Defendant appeals asserting that his speedy trial rights under CPL 30.30 were violated and that the sentence was excessive.

The People must be ready for trial within six months of the

commencement of a criminal action in which a felony is alleged (*see* CPL 30.30 [1] [a]; *People v Carter*, 91 NY2d 795, 798 [1998]). Here, defendant was arrested on felony complaints on October 26, 2003 and the People declared their readiness on April 1, 2004 and again on April 21, 2004, both dates were before the six-month period expired on April 26, 2004. Defendant argues that the declaration of readiness was illusory because it was made before arraignment, discovery had not been completed and the People later asked for an adjournment of the trial because a witness was not available.

Initially, we note that it appears some of the time is excludable based on a written waiver of speedy trial by defendant's counsel so that plea negotiations could be conducted (*see People v Jenkins*, 302 AD2d 978, 978 [2003], *lv denied* 100 NY2d 562 [2003]) and also there was a time during which defendant was without counsel through no fault of the court (*see* CPL 30.30 [4] [f]). However, it is not necessary to address these excluded times since the People declared readiness within six months and defendant's argument that the declaration was illusory is without merit. The fact that the People first declared that they were ready before defendant was arraigned does not result in an illusory declaration where, as here, the record reveals the People were ready to proceed and the declaration was made adequately in advance of the time the statutory period ended (*see People v Carter*, 91 NY2d at 798; *People v Hammond*, 35 AD3d 905, 906 [2006], *lv denied* 8 NY3d 946 [2007]).

Defendant's discovery demands were not served until April 23, 2004, after readiness had been declared, and the People responded by May 10, 2004. Even if defendant's demands had been served before the People declared their readiness, the People responded within a reasonable time frame and, as such, the time allotted to discovery would have been excluded (*see* CPL 30.30 [4] [a]; *People v Boomer*, 220 AD2d 833, 836 [1995], *lv denied* 89 NY2d 919 [1996]).

With regard to the People's witness who was recovering from surgery when the trial was scheduled for mid-July 2004, there is no indication that she was not available in April 2004 when the People declared their readiness. In any event, a delay for such purpose could be excluded from the six-month time period (*see* CPL 30.30 [4] [g]; *People v Alcequier*, 15 AD3d 162, 163 [2005], *lv denied* 4 NY3d 851 [2005]).

Defendant's sentence, which was less than the permissible maximum, was within County Court's discretion and there are no extraordinary circumstances warranting a reduction thereof (*see People v Tirado*, 19 AD3d 712, 714 [2005], *lv denied* 5 NY3d

810 [2005]; *People v Morris*, 275 AD2d 818 [2000], *lv denied* 96 NY2d 737 [2001]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.