■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH A. BELL, Respondent. [914 NYS2d 422]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered July 6, 2009 in Clinton County, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

Defendant and his girlfriend are the parents of two children (born in 2006 and 2008). In the presence of their children, they had a heated verbal disagreement in January 2009 that allegedly escalated into a physical altercation. As a result, defendant was charged with three misdemeanors. Following a jury trial, he was found guilty of one count of endangering the welfare of a child. Supreme Court sentenced him to four months in jail and imposed a three-year order of protection. Defendant appeals.

We affirm. Defendant contends that the jury's verdict was not supported by legally sufficient evidence and was against the weight of the evidence. "Legally sufficient evidence is present when the proof, viewed most favorably to the People, establishes 'any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged' " (*People v Bynum*, 68 AD3d 1348, 1349 [2009], *lv denied* 14 NY3d 798 [2010], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, the girlfriend testified that, after defendant called her several profane and highly degrading names in the presence of the children, he put his hands around her neck and pushed her onto a couch. She stated that she bit defendant's finger to stop him from choking her. During this time, the older child attempted to get between the two adults and was telling them to stop. This evidence of verbal and physical domestic violence in the immediate presence of a child who became physically involved in attempting to stop it was legally sufficient to establish endangering the welfare of a child (*see People v Johnson*, 95 NY2d 368, 372-373 [2000]).

Turning to the weight of the evidence argument, a different verdict would not have been unreasonable in light of defend-

ant's testimony denying key aspects of the girlfriend's version of events. Accordingly, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony and then determine whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Hicks*, 55 AD3d 1138, 1140 [2008], *lv denied* 12 NY3d 758 [2009] [internal quotation marks and citations omitted]). There were clearly significant differences in the accounts that created a stark credibility issue, and we typically "accord[ ] great deference to the jury's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Beauharnois*, 64 AD3d 996, 999 [2009], *lv denied* 13 NY3d 834 [2009] [internal quotation marks, brackets and citations omitted]). Having reviewed and weighed the evidence in the record, we are unpersuaded to disregard the jury's credibility determination and we find the verdict supported by the weight of the evidence.

Lastly, defendant argues that the sentence was harsh and excessive. We cannot agree. Defendant had several prior misdemeanor convictions and he received less than the maximum permissible sentence. The protective order does not preclude defendant from contact with his girlfriend or children, but directs that he refrain from, among other things, assaulting them and from acts creating an unreasonable risk to the children's health, safety and welfare. Supreme Court did not abuse its discretion and there are no extraordinary circumstances warranting a reduction of the sentence (*see People v England*, 48 AD3d 838, 838 [2008]).

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.