THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WRIGHT, Appellant. [931 NYS2d 727]—

Kavanagh, J. 

On September 5, 2008, defendant was arrested and charged in a misdemeanor complaint with sexual abuse in the third degree and forcible touching, based on the victim's claim that defendant had forced himself on her in the woods behind her home earlier that summer. While those misdemeanor charges were pending, the matter was presented to a grand jury and, on April 3, 2009, an indictment was filed charging defendant with attempted rape in the first degree and two counts of sexual abuse in the first degree. Five days later, the People announced they were ready for trial. After a jury trial that was conducted in November 2009, defendant was convicted of all charges contained in the indictment. He was subsequently sentenced to a prison term of seven years, plus seven years of postrelease supervision on the attempted rape in the first degree conviction, and a three-year prison term, plus three years of postrelease supervision on each of the sexual abuse in the first degree convictions, all sentences to run concurrently. After County Court, without a hearing, denied defendant's motion to vacate the judgment of conviction (see CPL 440.10), he moved for reconsideration claiming that additional new evidence had been found. The court again denied defendant's motion. Defendant appeals from the judgment of conviction and, by permission, from the denial of his motions. We affirm.

Initially, defendant moved to dismiss the indictment on the ground that the People failed to declare their readiness for trial within 90 days of his arraignment on the misdemeanor complaint (see CPL 30.30 [1] [b]). County Court denied that application because it found that once the indictment was filed charging defendant with felonies, the People had six months to announce their readiness for trial (see CPL 30.30 [1] [a]) and, when the People so declared on April 8, 2009, they complied with this statutory mandate. Defendant also argues that he was deprived of the effective assistance of counsel because, prior to the indictment being filed, the statutory time period for the People to answer ready for trial on the misdemeanor complaint had already expired and, if counsel had moved to dismiss those

charges, the motion would have been granted (*see* CPL 30.30 [1] [b]).

CPL 30.30 (1) (b) provides that the People must declare their readiness for trial within 90 days of the filing of a complaint charging a class A misdemeanor. The People concede that they did not declare that they were ready for trial within 90 days of defendant being arraigned on the misdemeanor complaint, but contend, and we agree, that even if such a motion had been made and the misdemeanor complaint had been dismissed, the People had the right to present evidence regarding the underlying matter to a grand jury and obtain an indictment (*see People v Osgood*, 52 NY2d 37, 45 [1980]). Moreover, once an indictment was filed charging defendant with felonies, the People had six months to announce that they were ready for trial (*see* CPL 30.30 [1] [a]; *People v Cooper*, 90 NY2d 292, 294 [1997]). As for defendant's claim that the failure to make this motion constituted ineffective assistance of counsel, we note that prior to the indictment being filed, counsel was involved in plea negotiations with the People and, for strategic reasons, may well have concluded that such a motion was, at best, a futile gesture and not in defendant's best interests (*see People v Black*, 247 AD2d 238 [1998], *lv denied* 91 NY2d 970 [1998]; *see also People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]).

Defendant also claims that the victim's testimony was inherently incredible and the convictions are not supported by the weight of the credible evidence introduced at trial. He also argues that even if the jury accepted the victim's account of what transpired, he could not, as a matter of law, have committed the crimes of attempted rape in the first degree and sexual abuse in the first degree.

In conducting a weight of the evidence review where a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Terry*, 85 AD3d 1485, 1486 [2011]). Further "we accord great deference to the jury's conclusions regarding the credibility of witnesses and the weight to be given their testimony" (*People v Scott*, 47 AD3d 1016, 1017 [2008], *lv denied* 10 NY3d 870 [2008]). Here, for defendant to be convicted of either attempted rape or sexual abuse, it had to be proven that he attempted to engage the victim in "sexual intercourse . . . [b]y forcible compulsion" (Penal Law § 130.35 [1]; § 100.00) or, subjected her

"to sexual contact . . . by forcible compulsion" (Penal Law § 130.65 [1]). In that regard, the victim testified that she was in the woods near her property with defendant when he suddenly forced her to the ground, physically retrained her and, while laying on top of her with his genitalia exposed, attempted to remove her pants to have sexual intercourse with her. She stated that during this attack, defendant forcibly removed her shirt and touched her exposed breasts. Her testimony was corroborated by her daughter and niece, both of whom testified to seeing her shortly after the incident and describing her as distraught, dirty and disheveled. Each also recounted how the victim, at that time, told them that, only moments earlier, defendant had attacked her (see People v Bell, 80 AD3d 891, 892 [2011]; People v LaBarge, 80 AD3d 892, 893 [2011], lv denied 17 NY3d 797 [2011]; People v Shofkom, 63 AD3d 1286, 1287 [2009], lv denied 13 NY3d 799 [2009], appeal dismissed 13 NY3d 933 [2010]; People v Scanlon, 52 AD3d 1035, 1039 [2008], lv denied 11 NY3d 741 [2008]). This proof belies defendant's assertion that the victim's testimony was incredible as a matter of law, and provides competent evidentiary support for each element of the crimes for which defendant stands convicted. In addition, the evidence, when viewed as an integrated whole, establishes that defendant's convictions for these crimes was supported by the weight of the credible evidence introduced at trial (see People v Wise, 49 AD3d 1198, 1199 [2008], lv denied 10 NY3d 940 [2008]; People v Jackson, 48 AD3d 891, 892 [2008], lv denied 10 NY3d 841 [2008]; compare People v Small, 74 AD3d 843, 844 [2010], lv denied 16 NY3d 800 [2011]).

Defendant also claims that County Court committed reversible error when it allowed the People to introduce evidence that defendant had previously approached an individual named Kevin Kemmet and threatened him after seeing Kemmet's motorcycle near the vicinity of the victim's home on her property. In their proffer, the People maintained that this evidence was relevant because it indicated that defendant believed that Kemmet was sexually involved with the victim and was jealous of that relationship. While the probative value of this testimony is suspect, defendant did not specifically object to its admission.[1] Moreover, any error that may have been committed "was harmless since there was no significant probability that defendant

---

1. We also note that defendant testified at trial when asked about this encounter that he told Kemmet, "that's a good way to get yourself shot," and explained that he was simply warning Kemmet that by parking his vehicle on someone else's property and walking in the woods near that person's home, he could be mistaken for a burglar.

would have been acquitted" had this evidence not been admitted at trial (*People v Tatro*, 53 AD3d 781, 785 [2008], *lv denied* 11 NY3d 835 [2008]; *see People v Lindsey*, 75 AD3d 906, 907-908 [2010], *lv denied* 15 NY3d 922 [2010]; *People v White*, 41 AD3d 1036, 1038 [2007], *lv denied* 9 NY3d 965 [2007]).

Defendant also argues that he was denied a fair trial as a result of prosecutorial misconduct. "Reversal based on prosecutorial misconduct is warranted if the misconduct is such that the defendant suffered substantial prejudice, resulting in a denial of due process. In reviewing claims of misconduct, courts will consider the severity and frequency of the conduct, whether the court took appropriate action and whether the result would have been the same absent the conduct" (*People v Story*, 81 AD3d 1168, 1169 [2011] [citations omitted]). County Court responded appropriately to defense counsel's objections regarding the prosecutor's conduct and we conclude that the prosecutor's overall conduct was not such " 'a flagrant and pervasive pattern of prosecutorial misconduct' " entitling defendant to a new trial (*People v White*, 79 AD3d 1460, 1465 [2010], *lv denied* 17 NY3d 791 [2011], quoting *People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]).

Finally, County Court properly denied defendant's motions to vacate the judgment of conviction based on newly discovered evidence (*see* CPL 440.10). In that regard, defendant sought a new trial because he claimed to have uncovered evidence that the victim and Kemmet had testified falsely regarding the nature of their relationship. Specifically, both Kemmet and the victim maintained at trial that they were friends and did not have a sexual relationship.[2] Defendant produced an affidavit from a third party who claimed to have seen Kemmet and the victim on a prior occasion in what appeared to be an amorous relationship and who stated that Kemmet had previously told him that the victim was "his girlfriend." Defendant also sought to introduce evidence of a voice mail that Kemmet apparently sent to the victim stating that he loved and missed her. County Court properly denied these applications, finding that this evidence was collateral and that defendant failed to adequately account for why, if he had acted with due diligence, he would not have uncovered this evidence prior to trial (*see* CPL 440.10 [1] [g]; *People v Watkins*, 49 AD3d 908, 910 [2008], *lv denied* 10 NY3d 965 [2008]; *People v McBean*, 32 AD3d 549, 552 [2006], *lv denied* 7 NY3d 927 [2006]; *see also People v Abrams*, 73 AD3d 1225,

---

2. Defendant claimed at trial that the victim testified falsely about what happened in the woods because when her daughter and niece saw her, she was returning from a rendevous with Kemmet.

1228 [2010], *affd* 17 NY3d 760 [2011]; *People v Sharpe*, 70 AD3d 1184, 1186 [2010], *lv denied* 14 NY3d 892 [2010]).

Mercure, J.P., Rose and Malone Jr., JJ., concur. Ordered that the judgment and orders are affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).