◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SYDLAR, Appellant. [966 NYS2d 255]—

Rose, J.P. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered November 19, 2010, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts).

After a traffic stop on March 10, 2009, during which defendant exhibited signs of intoxication, defendant was arrested and a chemical breath test revealed a blood alcohol level of .13%. That same day, defendant was arraigned in Town Court on one count of speeding and two counts of driving while intoxicated.

Defendant was later indicted on the driving while intoxicated charges and, following an initial mistrial, a jury convicted defendant as charged. County Court sentenced defendant to a term of 30 days of incarceration and three years of probation. Defendant now appeals, arguing, among other things, that his right to a speedy trial was violated.

Where, as here, a defendant is charged with a misdemeanor punishable by a sentence of more than three months of incarceration, the People are required to be ready for trial within 90 days of the commencement of the criminal action (*see* CPL 30.30 [1] [b]; *People v Cooper*, 98 NY2d 541, 543 [2002]; *People v Wright*, 88 AD3d 1154, 1156 [2011], *lv denied* 18 NY3d 863 [2011]). "Whether the People complied with this obligation is 'determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (*People v Pope*, 96 AD3d 1231, 1232 [2012], *lv denied* 20 NY3d 1064 [2013], quoting *People v Cortes*, 80 NY2d 201, 208 [1992]).

Here, 304 days elapsed between the filing of the simplified traffic informations on March 10, 2009 and the People's January 8, 2010 declaration of readiness on the indictment. Although the People filed their initial notice of readiness on April 27, 2009, defendant was without counsel through no fault of Town Court until May 28, 2009. Accordingly, the first 79 days must be excluded (*see* CPL 30.30 [4] [f]; *People v Seamans*, 85 AD3d 1398, 1399 [2011]). To the extent that defendant contends that the notice of readiness was illusory because discovery requests had not yet been filed, this argument is without merit as the People are permitted a reasonable time to respond to a defendant's pretrial motions (*see* CPL 30.30 [4] [a]; *People v Jacobs*, 45 AD3d 883, 884 [2007], *lv denied* 9 NY3d 1035 [2008]; *People v Boomer*, 220 AD2d 833, 836 [1995]). The next 21 days are also excludable, as defendant, who bears the burden of establishing postreadiness delays (*see People v Pope*, 96 AD3d at 1233; *People v Robinson*, 67 AD3d 1042, 1044 [2009], *lv denied* 13 NY3d 910 [2009]), makes no allegation that, during the period prior to June 18, 2009, the People were not ready to proceed to trial. Another 28 days are excludable for pretrial motions between June 19, 2009 and July 16, 2009, as well as the 50 days from November 20, 2009 through January 8, 2010, during which time Town Court considered defendant's pretrial motions and defendant was arraigned on the indictment (*see* CPL 30.30 [4]

[a]; *People v Goss*, 87 NY2d 792, 796 [1996]). However, we find that the record is insufficient to enable us to determine the extent to which postreadiness periods of delay between July 17, 2009 and November 19, 2009 were attributable to the People—as opposed to defendant—or to ascertain the merits of defendant's constitutional speedy trial claims. Therefore, the matter must be remitted to County Court for a hearing to further develop the record in this regard (*see People v Lee*, 66 AD3d 1116, 1121 [2009]; *People v Boomer*, 220 AD2d at 837).

The remaining issues asserted by defendant do not require extended discussion. First, we reject defendant's contention that his retrial was barred by double jeopardy. As County Court granted a mistrial only after defendant moved for such relief, there was no bar to retrial (*see Matter of Davis v Brown*, 87 NY2d 626, 630 [1996]; *People v Call*, 287 AD2d 877, 878 [2001], *lv denied* 97 NY2d 679 [2001]). Next, although defendant failed to preserve his challenge to the legal sufficiency of the evidence, we will evaluate the proof with respect to his assertion that the verdict was not supported by the weight of the evidence (*see People v McRobbie*, 97 AD3d 970, 971 [2012], *lv denied* 20 NY3d 934 [2012]). The State Troopers that conducted the traffic stop testified that defendant smelled of alcohol, appeared disheveled, was unable to perform the roadside sobriety tests and, according to the results of the chemical breath screening, had a blood alcohol level of .13%. This testimony supports the finding that defendant was intoxicated (*see id.* at 971-972; *People v Carota*, 93 AD3d 1072, 1073-1074 [2012]), and the few inconsistencies in the Troopers' testimony "were thoroughly aired during cross-examination" (*People v Howard*, 299 AD2d 647, 648 [2002], *lv denied* 99 NY2d 629 [2003]; *see People v Shaffer*, 95 AD3d 1365, 1366-1367 [2012]; *People v Hamm*, 29 AD3d 1079, 1080-1081 [2006]).

Further, County Court properly denied defendant's motion to suppress his statements to the arresting officers at the scene, as "persons temporarily detained pursuant to a typical traffic stop are not in custody for the purposes of *Miranda*" (*People v Hasenflue*, 252 AD2d 829, 830 [1998], *lv denied* 92 NY2d 982 [1998]; *see People v Kulk*, 103 AD3d 1038, 1039 [2013]). Defendant's later statement to one of the Troopers at the State Police barracks was also properly admitted. Although it was not included in the People's CPL 710.30 notice, the statement was addressed at the *Huntley* hearing, defendant had an opportunity to challenge it, and the record supports County Court's ruling that it was spontaneous (*see People v Murphy*, 101 AD3d 1177, 1177-1178 [2012]; *People v Henderson*, 74 AD3d 1567, 1569

[2010], *mod* 77 AD3d 1168 [2010]). We have reviewed defendant's remaining contentions, including that his sentence is harsh and excessive, and find them to be unavailing.

Lahtinen, Spain and Garry, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Otsego County for further proceedings not inconsistent with this Court's decision.