People v Smart (2018 NY Slip Op 04979)





People v Smart


2018 NY Slip Op 04979


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

107975

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CODY D. SMART, Appellant.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Noreen McCarthy, Keene Valley, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Stitt of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered October 5, 2015 in Clinton County, convicting defendant following a nonjury trial of the crimes of endangering the welfare of a child and criminal mischief in the fourth degree.
On November 26, 2014, defendant was charged in separate misdemeanor informations with criminal obstruction of breathing (two counts), endangering the welfare of a child and criminal mischief in the fourth degree stemming from an alleged domestic altercation with his girlfriend. During an appearance on December 15, 2014, Supreme Court granted a 45-day continuance to permit defendant to file motions, and the People announced their readiness for trial. At the next appearance on February 9, 2015, the People made a plea offer to defendant, but Supreme Court refused to accept it. As a result, the People asked for an adjournment to prepare for trial, stating that they were not ready to proceed and indicating that their previous declaration of readiness was premature. Supreme Court granted the request and adjourned the matter without a return date. At an appearance on June 15, 2015, defense counsel requested that the matter be put back on the calendar for a bench trial, and the People declared their readiness. Following a bench trial, defendant was convicted of endangering the welfare of a child and criminal mischief in the fourth degree, but acquitted of the remaining charges. He was sentenced to 15 days in jail and three years of probation on each conviction, the sentences to run concurrently. Defendant now appeals.
Defendant argues, and the People concede, that defendant was deprived of meaningful representation as a consequence of his attorney's failure to make a pretrial motion to dismiss the action on statutory speedy trial grounds. Where, as here, a class A misdemeanor is the most serious offense of which a defendant is accused, the People have 90 days from the commencement of the criminal action to declare their readiness (see CPL 30.30 [1] [b]; People v Cooper, 98 NY2d 541, 543 [2002]; People v Wright, 88 AD3d 1154, 1156 [2011], lv denied 18 NY3d 863 [2011]). Compliance with this deadline is determined by "computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Sydlar, 106 AD3d 1368, 1369 [2013] [internal quotation marks and citations omitted], lv dismissed 21 NY3d 1046 [2013]). Here, although the People declared their readiness 19 days after the accusatory instruments were filed and defendant was arraigned on the charges, they expressly stated at the subsequent appearance on February 9, 2015 that they were not ready for trial and sought an adjournment for the very purpose of trial preparation. The People did not thereafter declare their readiness until June 15, 2015, beyond the 90-day period. Thus, as the People acknowledge, defendant possessed a meritorious statutory speedy trial claim, and defense counsel's failure to raise it in a pretrial motion to dismiss deprived defendant of meaningful representation (see CPL 30.30 [1]; People v Devino, 110 AD3d 1146, 1148-1149 [2013]; People v Grey, 257 AD2d 685, 686 [1999]). Accordingly, the judgment is reversed and the accusatory instruments are dismissed.
In light of our determination, defendant's remaining contentions are academic.
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and informations dismissed.