■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY RIBOWSKY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 8, 1987, convicting him of conspiracy in the fifth degree, offering a false instrument for filing in the first degree (six counts), and perjury in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, an attorney, processed uninsured motorist claims for the law firm of Stuart R. Kramer, P. C. in Queens. Kramer and his associates, including Attorneys Stephen Kihl and Edward Fernbach, with the cooperation of various physicians, conspired to fabricate their clients' medical diagnoses and inflate their medical bills in order to obtain large insurance company settlements *(see, People v Kramer,* 132 AD2d 708, *affd* 72 NY2d 1003). The defendant was charged with participating in the conspiracy, *inter alia,* by conducting settlement negotiations and representing claimants at arbitration hearings relying on false medical reports and by permitting his coconspirators to falsely list his address as the business address of Stephen Kihl on retainer and closing statements filed with the Office of Court Administration, so as to

conceal Kramer's representation of both drivers and passengers involved in the same automobile accidents. The defendant was further charged with two counts of perjury premised on his appearance before the Grievance Committee, where he allegedly gave false testimony under oath with respect to the use of his address as Stephen Kihl's business address. After a jury trial, the defendant was convicted of conspiracy in the fifth degree, offering a false instrument for filing in the first degree (six counts), and perjury in the first degree (two counts). We affirm.

Initially, and contrary to the defendant's contentions, we find that the perjury indictment was not defectively vague, inasmuch as it adequately alleged " 'where, when and what the defendant did' " (People v Iannone, 45 NY2d 589, 598), with the details of the alleged crimes properly set forth in the People's bill of particulars (see, People v Bogdanoff, 254 NY 16; People v Farson, 244 NY 413). Additionally, the elaboration of three specifications under each count of perjury, in the People's bill of particulars and in the special verdict sheet submitted to the jury, was not improper. It has "long been accepted practice to charge perjury before the grand jury, committed in the course of the same appearance, in a one count indictment with each false declaration set forth in a particular specification" (United States v Berardi, 629 F2d 723, 729, cert denied 449 US 995). Moreover, "[s]o long as these separate specifications aver different falsehoods, the indictment will not be held defective on the ground that their pleading is duplicitous, that is, averring more than one offense within a single count, or multiplicious, that is, charging the same offense in several separate counts" (United States v Berardi, supra, at 729). We note that "special verdicts" have been allowed in Federal criminal trials, where, "because of the exigencies of the particular case, the special findings had the purpose of benefitting the defendant" (United States v Spock, 416 F2d 165, 182).

Our review of the record reveals that the court's instruction on the law of perjury properly apprised the jury of the elements of the crime, and explained the application of the law to the facts (see, CPL 300.10). Further, the court did not err in declining to charge the jury that misleading but literally truthful answers do not constitute "perjury", and properly instructed the jury by emphasizing that, "the burden is on the questioner to pin the witness down to the specific object of the questioner's inquiry".

We find that since specification "c" under each perjury count submitted on the verdict sheet was not presented to the

Grand Jury, it was improperly submitted for the jury's consideration. It is well settled, however, that where several specifications of falsity are included as part of a single perjury count, proof of any one adequate specification is sufficient to support a guilty verdict (see, Vitello v United States, 425 F2d 416, cert denied 400 US 822; Arena v United States, 226 F2d 227, cert denied 350 US 954). Viewing the evidence adduced at trial in a light most favorable to the People, the remaining specifications were proved by the People beyond a reasonable doubt (People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant failed to register an objection to the court's incorporation of the factual specifications on the verdict sheet and declined an invitation to have the specifications orally recited to the jury, thereby failing to preserve the issue for appellate review (see, CPL 470.05 [2]). In any event, since the verdict sheet did not partially reiterate the statutory language of the charge, but rather separated the essential factual allegations for the clearer consideration by the jury—without the defendant's objection and, in fact, with his consent—there was no violation of the principles enunciated in People v Owens (69 NY2d 585) or People v Nimmons (72 NY2d 830). Nor is there merit to the defendant's unpreserved contention that he was deprived of his right to be present at a material stage of his trial in the use of the special verdict sheet.

Although the court erred in declining to charge venue upon the defendant's request (see, People v Moore, 46 NY2d 1), we conclude that the error was harmless beyond a reasonable doubt. It was clearly established that at least two physicians who participated in the fraud maintained their offices and falsified their reports and bills in Kings County in furtherance of the conspiracy. Accordingly, and even assuming, as the defendant suggests, that the foregoing constituted error of a constitutional dimension, there is no reasonable possibility that the jury would have returned a different verdict had it not been for the court's failure to charge venue, and the error was therefore harmless beyond a reasonable doubt (see, CPL 20.40 [1] [b]; cf., People v Crimmins, 36 NY2d 230).

Finally, we reject the defendant's contention that the prosecutor's display during summation of a document not admitted into evidence requires reversal of the conviction under the circumstances presented. The record reveals that, after the foregoing had occurred, the defendant consented to the cura-

tive procedure suggested by the court under which the document, which had been requested by the jury, would be displayed to it with certain deletions and curative instructions. Having failed to object in the first instance, and, further, having approved the court's solution, the defendant may not now be heard to complain on appeal (see, CPL 470.05 [2]).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Lawrence and Rosenblatt, JJ., concur.