■ In the Matter of ALFRED C. SHARPTON, Petitioner, v JOHN G. TURNER, JR., as Judge of the County Court of Albany County, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Albany County on an indictment charging him with offering a false instrument for filing in the first degree, filing a false or fraudulent return, and failure to file a return or report.

On June 29, 1989, an Albany County Grand Jury returned a three-count indictment charging petitioner with the crimes of offering a false instrument for filing (Penal Law § 175.35), filing a false or fraudulent return for the 1987 tax year (Tax Law § 1804 [b]) and failure to file a return or report for the 1986 tax year (Tax Law § 1801 [a]). Petitioner was arraigned before respondent Albany County Judge (hereinafter respondent) on June 30, 1989 and entered pleas of not guilty to all counts. At that time, respondent signed an omnibus order which included, *inter alia,* the following: "The People are directed to comply with the requirements of CPL Article 240 and CPL Section 200.95. If any disputes arise relative to discovery or bill of particulars, the court will decide the same at the time of the initial conference scheduled herein, upon oral motion of either party."

Petitioner subsequently moved for an order (1) requiring a more complete bill of particulars, (2) allowing inspection of the Grand Jury minutes, and (3) dismissing the indictment for lack of geographical jurisdiction, failure to comply with CPL article 200 and failure to comply with CPL article 240 for discovery. Respondent denied the motions in a July 20, 1989 order which provided: "On the 30th day of June, 1989, the court signed, with the consent of the People and defendant's counsel, an omnibus order. The order directed, among other things, the People to comply with the discovery requirements of Criminal Procedure Law Article 240 and Criminal Procedure Law Section 200.95. Thus, the instant motion is duplicative of the court's omnibus order and is therefore denied with leave to resubmit, in the event the defendant believes the People have failed to oblige the omnibus order, and then only in respect of that portion which has not been obliged."

Thereafter, the People served a bill of particulars dated August 18, 1989, which was followed with another motion by

petitioner on September 5, 1989 seeking an order for a more detailed bill of particulars. By February 7, 1990 petitioner moved for an order dismissing the indictment for failure to comply with CPL articles 20, 190, 200, 210 and 240. The People responded by first delivering copies of 1,857 pages of documents, four video tapes and other materials on February 14, 1990, and by contending that County Court did have geographic jurisdiction over the indictment.

A pretrial conference was held on February 16, 1990 at which the court stated on the record that:

"Now, in connection with motions that have been submitted, these motions are deemed nullities by the Court. This court in its IAS procedure proceeds under omnibus order by consent. We have one in this case and these motions are therefore inappropriate under the IAS procedure.

"There is an open file for the examination on the part of counsel for the defendant. I take it certain things have been transferred as of now under the discovery article, but beyond that the file remains open, may be examined, may be examined today or at any day subject to prior notice to counsel so that they can have it ready for your examination * * *. The process works this way. I appreciate some of you are not practicing before me at all times and therefore you are not aware of it but it's in hand. It's in your hand. It's in your file. It's in writing. It's by consent. What it says is this: That the file on the part of the People in this case is open for examination for discovery. Everything you would need you have been deemed to have moved for and your motion has been granted so there is no question about needing to move at this time for this, that and the other thing. If you are denied something that you fully in good faith feel you are entitled to, put that in letter form. * * * Beyond that, if you are absolutely determined that you are entitled to something which has been denied you and you don't have it and the trial time continues to approach, then and then only with permission of the court would you need make a motion."

The record shows that in response to a question by defense counsel, respondent stated: "On all counts of the indictment examination of the Court has been made and jurisdiction is here. I'm satisfied we have jurisdiction. We will continue it here. There is a response, by the way, to your motion. The response is also deemed a nullity but I'm not sure whether you have that. I have it bearing date February 14. It came today."

The instant CPLR article 78 proceeding was then com-

menced in this court on February 22, 1990 seeking to prohibit respondents from prosecuting the first count of the indictment (on the ground that it was in excess of the geographic jurisdiction of Albany County Court) and from precluding petitioner from pretrial motion practice, as well as restraining respondents from conducting any hearings and trial. Petitioner also requested that the indictment be transferred to New York County.

Petitioner's entire geographical jurisdictional argument is based upon his interpretation of CPL 20.40 (4) (k), which he reads as mandating that venue must lie in the county where his tax returns were executed. Petitioner contends that under the statute, the place of such execution governs the jurisdiction for the alleged crime. CPL 20.40 (4) (k) provides that: "An offense of offering of a false instrument for filing, or of larceny by means of a false pretense therein, may be prosecuted (i) in any county in which such instrument was executed, in whole or in part, or (ii) in any county in which any of the goods or services for which payment or reimbursement is sought by means of such instrument were purported to have been provided." The Legislature, in enacting subdivision (k) as well as subdivision (j) of CPL 20.40 (4) in 1985 (L 1985, ch 575, § 1, eff Nov. 1, 1985), sought to ameliorate any ambiguity or uncertainty and merely added provisions which would *permit* geographical jurisdiction to be placed in *any* county where an instrument was executed *(see,* Preiser, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 20.40 [1990 Supp Pamph], at 42-43; *see also, People v Chaitin,* 94 AD2d 705, *affd* 61 NY2d 683). When CPL 20.40 is read as a whole, it is not only apparent, but obvious, that each subdivision which confers geographical jurisdiction is joined by the disjunctive word "or", which clearly indicates that the venue provisions are to be construed in the alternative *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 235; *see also, Colbert v International Sec. Bur.,* 79 AD2d 448, 463, *lv denied* 53 NY2d 608). We hold that CPL 20.40 (4) (k) does not divest a county of geographical jurisdiction it possesses under any other subdivision of CPL 20.40. Petitioner may be prosecuted for offering a false instrument for filing either in any county where it was executed (CPL 20.40 [4] [k]) *or* in the county where the false instrument was filed (CPL 20.40 [1] [a]). CPL 20.40 (1) provides that jurisdiction lies in the criminal court of the county when:

"Conduct occurred within such county sufficient to establish:

"(a) An element of such offense; or

"(b) An attempt or a conspiracy to commit such offense."

Here, Penal Law § 175.35 provides that: "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a *false* statement or false information, and with *intent to defraud* the state or any political subdivision thereof, he *offers* or presents it *to a public office* or public servant *with* the *knowledge* or belief that it *will be filed* with, registered or recorded in or otherwise become a part of the records of such public office or public servant" (emphasis supplied). Since the tax return in this case was filed in Albany County, it is apparent that geographical jurisdiction lies in Albany County.

We find equally unpersuasive petitioner's contention that a writ of prohibition pursuant to CPLR article 78 is the only manner in which he can preserve his arguments for appellate review. His focus is upon the issuance by County Court of an "omnibus" order which "nullified" other pretrial motion practice seeking the same relief already provided. We interpret petitioner's arguments to be solely an attempt to challenge or collaterally attack pretrial procedural rulings by respondent. Initially, we note that respondent did rule upon petitioner's motions for dismissal for lack of geographical jurisdiction and for inspection of the Grand Jury minutes, as well as petitioner's motions for discovery and a bill of particulars. Respondent made clear to both parties that petitioner would not be denied access to anything in the nature of evidence contained in the prosecution files and that petitioner could avail himself of both formal or informal motions should he find that he was denied access to such evidence. Thus, we disagree with petitioner's contention that he was denied pretrial procedure. In any event, this ruling cannot be reviewed by way of a CPLR article 78 proceeding; rather, judicial review will be available on direct appeal should petitioner be convicted *(see, e.g., Matter of Veloz v Rothwax,* 65 NY2d 902, 904; *Matter of Wilcox v Dwyer,* 48 NY2d 1003, 1004). Prohibition is an extraordinary remedy not available for collateral review of alleged errors of law in a pending criminal action *(see, Matter of Mulvaney v Dubin,* 55 NY2d 668, 669) and is only discretionary when the clear right to the remedy has been established *(Matter of Bloom v Clyne,* 69 AD2d 956). In sum, there has been no demonstration that respondent has exceeded its authorized powers or has threatened to act without jurisdiction *(see, Matter of Dondi v Jones,* 40 NY2d 8, 13).

Petition dismissed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.