■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY CAMIOLA, Appellant. [639 NYS2d 35]

Overwhelming evidence establishes that defendant maintained a pattern of thefts from the elderly and increasingly senile victim over a two-year period, in which he transferred by various means, usually accomplished by her signature, significant assets to his own purposes. Although defendant was charged with several unelaborated counts of larceny, only a single, aggregated, charge of larceny, on a theory of trespassory taking, was submitted to the jury. The court instructed the jury, in defining the relevant terms of larceny, that in determining whether the victim had consented to the transfers, which defendant contended were gifts rather than trespassory takings, they could evaluate the victim's capacity to form consent. Defendant, relying on the general rule of *People v Foster* (73 NY2d 596) and related case law limiting the reach of larceny prosecutions to the theories codified in article 155 of the Penal Law, contends that the instruction interjected an element, capacity, into the deliberation that is not contained in the statute.

Initially, we reject this formulation. The jury was not instructed that the victim's capacity or incapacity was an element of the offense, but only that they could evaluate her capacity under the circumstances of this case in determining whether a trespass had occurred or whether, as defendant contended, he had acted with her knowledge and consent. Although we note the paucity of case law in this State equating a trespass for purposes of larceny with an ostensibly donative

victim's inability to consent to the taking, nevertheless, these factors are properly considered in the context of a traditional understanding of the larceny statute (*see, e.g., People v Spiegel*, 48 NY2d 647; *People v Cray*, 195 AD2d 303, *affd* 84 NY2d 874).

In reviewing the evidence, we conclude that the People proved beyond a reasonable doubt that the victim was incapable of consenting to defendant's actions and that defendant was cognizant of her diminished mental capacity, yet continued to deplete her assets.

The evidence established that defendant prepared the victim's tax returns in New York County but, in neglecting to prepare her gift tax returns during the relevant time periods, in connection with his income that purportedly reflected her gifts to him, he evinced his intention of evading tax consequences in connection with his own State income tax returns. Since the intent to defraud the State of income tax revenues is an element of the offense (Penal Law § 175.35; Tax Law § 1804 [b]), and conduct sufficient to establish an element of the offense vests jurisdiction in the county where such conduct occurred (CPL 20.40 [1] [a]), the prosecution was properly venued in New York County.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.