[799 NYS2d 222]

In the Matter of CLARENCE NORMAN, JR., Petitioner, v CHARLES J. HYNES, as District Attorney of Kings County, et al., Respondents.

Second Department, July 5, 2005

APPEARANCES OF COUNSEL

*Roger Bennet Adler*, New York City, for petitioner.

*Charles J. Hynes, District Attorney*, Brooklyn (*Monique Ferrell* of counsel), respondent pro se.

### OPINION OF THE COURT

Per Curiam.

This is a proceeding pursuant to CPLR article 78 in the nature of prohibition against the District Attorney of Kings County and the Supreme Court Justice presiding over the case of *People v Clarence Norman, Jr.* As such, it originates in this Court (*see* CPLR 7804 [b]; 506 [b] [1]). We are not called upon or authorized in this proceeding to pass on the question of whether or not the evidence is legally sufficient to support the charges against the petitioner, Clarence Norman, Jr. We only examine

whether the prosecution is barred because it breaches the separation of powers between the legislative and judicial branches of state government. If this prosecution does not invade legislative prerogatives, then we must decide whether Kings County lacks geographical jurisdiction over some or all of the counts in the indictment. A writ of prohibition may be sought to prohibit the prosecution of a criminal case where the prosecution intrudes on the prerogatives of another branch of the government (*see Matter of Ohrenstein v Morgenthau*, 153 AD2d 342, 348 [1989], *affd* 77 NY2d 38 [1990]), or where the underlying prosecution allegedly is placed in the wrong venue, known as geographical jurisdiction in Criminal Procedure Law article 20 (*see Matter of Steingut v Gold*, 42 NY2d 311, 315-316 [1977]).

The petitioner is a New York State Assemblyman as well as the Chairman of the Kings County Democratic Committee (hereinafter the KCDC). He is accused of 76 counts of offering a false instrument for filing in the first degree (Penal Law § 175.35) and one count of grand larceny in the third degree (Penal Law § 155.35), class E and D felonies, respectively. The counts of offering a false instrument for filing are based on the theory that the petitioner filed in Albany County, with the Speaker of the New York State Assembly (hereinafter the Speaker), expense vouchers for his travel expenses to and from Albany to discharge his duties as an Assemblyman. Unrevealed on the vouchers was the fact that his personal automobile expenses were all paid by the KCDC. The count of grand larceny in the third degree is based on the theory of larceny by false pretenses (Penal Law § 155.05 [2] [a]). The charge is in the third degree apparently because the aggregate of the vouchers for which the accused received reimbursement, also in Albany County, exceeds $3,000.

The petitioner made an omnibus motion in the underlying criminal prosecution, inter alia, seeking dismissal of the indictment for lack of geographical jurisdiction in Kings County and for violation of the doctrine of separation of powers, which precludes the judicial branch from passing on the nonjusticiable political question of whether he was entitled to reimbursement for travel expenses. In an extensive, thorough, and well-reasoned opinion, the respondent Justice, the Honorable Martin Marcus, denied these branches of the petitioner's omnibus motion. Justice Marcus rejected the petitioner's objection to geographical jurisdiction. He reasoned that CPL 20.40 (1) (a) authorized prosecution in Kings County. This section confers ju-

risdiction if "[c]onduct occurred within such county sufficient to establish . . . [a]n element of such offense." (CPL 20.40 [1] [a].) Referring to the evidence before the grand jury, Justice Marcus stated:

> "This evidence was sufficient to establish that the defendant, throughout the period covered by the indictment, engaged in conduct in Kings County from which the grand jury could infer his knowledge that he did not pay for, and thus did not incur, the expenses for which he sought reimbursement for driving to Albany from Brooklyn and to Brooklyn from Albany. In other words, the grand jury could find from this evidence that he sought and obtained payment on the vouchers with the intent required for larceny by false pretenses, and that he possessed this intent in Brooklyn as well as in Albany. And from this evidence, the grand jury could find that he presented the vouchers for payment knowing they contained false statements or information, the mens rea required for the crime of Offering a False Instrument for Filing, and that he possessed this knowledge, too, in Brooklyn as well as in Albany."

Moreover, Justice Marcus upheld geographical jurisdiction on the basis of CPL 20.40 (4) (k) (ii): "An offense of offering of a false instrument for filing, or of larceny by means of a false pretense therein, may be prosecuted . . . in any county in which any of the goods or services for which payment or reimbursement is sought by means of such instrument were purported to have been provided." He stated that throughout the period alleged in the indictment, May 27, 1999, to November 29, 2002, the petitioner had "charged the cost of gas he obtained in Brooklyn, and the cost of the maintenance work he had performed on the cars in Brooklyn." From this Justice Marcus concluded:

> "The gas the defendant purchased for cars in Brooklyn certainly constituted 'goods,' and the maintenance work the defendant had done on the car in Brooklyn were certainly 'services.' Thus, Kings County was, in the meaning of CPL 20.40 (4) (k) (ii), a county 'in which any of the goods or services' for which the defendant sought 'payment or reimbursement . . . were purported to have been provided.' . . . On this basis, Kings County has ju-

risdiction over those crimes charged in the indictment that related to the vouchers in which the defendant claimed a mileage allowance, in part, as reimbursement for those expenses."

He found that 45 of the 76 counts of false filing as well as the grand larceny count were supported in this manner by the proof before the grand jury.[1]

Finally, Justice Marcus rejected the separation of powers argument because the prosecution does not call into question the propriety of reimbursing Assembly members nor the procedures used to accomplish this. Indeed, the prosecution proceeds on a theory that accepts these legislative rules and procedures for travel reimbursement. And, he rejected the argument that the reimbursement of travel expenses is part of the deliberative process of the legislative branch.

The petitioner contends that the travel vouchers that are the subject of counts 2 through 77 of the indictment did not call for reimbursement of expenses in traveling by his personal vehicle between Kings County and Albany. Instead, these vouchers assign an allowance at the federal rate of reimbursement for each mile traveled. Because this argument influences his position with respect to geographical jurisdiction as well as legislative prerogatives, it is useful to address it before analyzing the substance of the contentions presented by his petition. Without passing on the validity of the petitioner's position that the vouchers did not seek reimbursement for goods and services but only a mileage allowance, it is sufficient for present purposes to note that there was testimony before the grand jury to the effect that the mileage allowance is intended to reimburse for "actual and necessary transportation expenses" as authorized in Legislative Law § 5 (2) and that an Assembly member would not be entitled to receive the mileage allowance if he or she had not incurred these expenses.

The petitioner attacks the geographical jurisdiction to prosecute the counts in indictment No. 5617/03 as well as the subject matter jurisdiction to prosecute him for a matter that falls

---

**1.** The respondent Charles J. Hynes, as Kings County District Attorney, in opposition to the petition, asserts that "evidence in the Grand Jury established that some of the travel costs and expenses for which defendant sought reimbursement by means of his submission of each voucher identified in Counts 2 through 77 of the indictment were incurred in Kings County." This ambiguous assertion is susceptible of an interpretation that each of counts 2 through 77 is supported by evidence in the grand jury, pursuant to CPL 20.40 (4) (k) (ii), in contradiction to the more limited finding of Justice Marcus.

within the prerogatives of the legislative branch of government, in this case through the Speaker (*see* Legislative Law § 12 [4]), to approve payment for services and expenses of the Assembly. Though he instructed the grand jury with respect to geographical jurisdiction under CPL 20.40 (4) (k) only, the respondent Charles J. Hynes, as Kings County District Attorney (hereinafter Hynes), subscribes as well to the analysis of Justice Marcus under CPL 20.40 (1), even though the grand jury received no instructions thereunder. The indictment, however, following the 77th count, states "Jurisdiction for all counts herein lies within Kings County pursuant to Criminal Procedure Law Section 20.40 (4) (k) and Section 24.40 (1) [*sic*]." Hynes also opposes the petitioner's separation of powers analysis because this prosecution does not invade the exclusive province of the Speaker to determine what type of expenses are authorized for payment; it only seeks to hold the petitioner responsible for securing reimbursement of actual travel expenses he never incurred. Indeed, Hynes notes that the "Assembly Member Per Diem Expenses Reimbursement Voucher" form contains a certification that the petitioner signed: "I hereby certify that the above expenses were incurred in the rendering of legislative duties, and that the above bill is just, true and correct, and that the balance shown is actually due and owing." Hynes also relies on the "Guidelines for Travel Reimbursement" established by the Speaker himself which conclude with a bold-type note: "Travelers are reminded that the submission of fraudulent travel expense claims for reimbursement may be a felony or misdemeanor offense under Articles 175 or 195 of the State Penal Law, and may also be subject to criminal charges under Section 20 of the State Penal Law."

Separation of Powers

██ The petitioner argues that this prosecution involves a nonjusticiable political question, namely the permissibility of the petitioner's payment request and the determination of what types of expenses will be reimbursed, questions left to the discretion of the Speaker.

The legislature cannot immunize its members for violation of the Penal Law. Nobody is above the law, and, commendably, the Speaker has recognized this in his instructions to Assembly members for filing vouchers.

The prosecution does not question the propriety of reimbursing Assembly members nor the procedures for accomplishing this. There is nothing in the prosecution of the petitioner for

the crimes charged here that would interfere with the prerogatives of the State Assembly or its speaker to reimburse members for their travel expenses and nothing that trenches on the legislative deliberative process. One of the problems with the petitioner's contention of legislative prerogative is that the expenses that are the subject of the indictment were allegedly not his to begin with. Indeed, each Assembly member, when filing vouchers for travel expenses, is warned of the possibility of prosecution, inter alia, for offering a false instrument for filing in the first degree, as charged in the indictment at bar. The guidelines merit repeating: "Travelers are reminded that the submission of fraudulent travel expense claims for reimbursement may be a felony or misdemeanor offense under Articles 175 and 195 of the State Penal Law, and may also be subject to criminal charges under Section 20 of the State Penal Law." That reminder was placed not by Hynes, the grand jury or the Supreme Court. It was placed there by the New York State Assembly.

The difference between the invalid and the arguably legitimate for separation of powers purposes is illustrated in *Matter of Ohrenstein v Morgenthau (supra)*. There the prosecution was, in part, for grand larceny for allegedly false representations that no-show employees, who performed no services whatsoever, were entitled to salaries. This part of the prosecution was found not to intrude on the legislative sphere in violation of the separation of powers. By contrast, the same decision found offensive to the separation of powers, prosecution of other counts involving salaries paid to individuals assigned to work in the defendant's senatorial campaign because the State Senate rules then in effect did not forbid using staff employees in political campaigns (*Matter of Ohrenstein v Morgenthau*, 77 NY2d at 52; 153 AD2d at 361-362).

Therefore, we conclude that the petition lacks merit in its invocation of legislative prerogative to immunize the petitioner from criminal liability in the circumstances of this case.

Geographical Jurisdiction: CPL 20.40 (1)

█ Justice Marcus upheld geographical jurisdiction pursuant to CPL 20.40 (1) (a). The petitioner argues that Justice Marcus's analysis would lead to geographical jurisdiction under this provision in whatever county a defendant harbors a culpable mental state and happens to stop for gas.

We read Justice Marcus's determination on this point, quoted earlier, in a somewhat different light. It is not conduct "evidenc-

ing" the culpable mental state that satisfies CPL 20.40 (1) (a). Rather, the required conduct must establish an element of the crime; it must consist of "an act or omission and its *accompanying* mental state" (Penal Law § 15.00 [4] [emphasis added]).

CPL 20.40 (1) (a) provides, in pertinent part: "A person may be convicted in an appropriate criminal court of a particular county, of an offense . . . when: 1. Conduct occurred within such county sufficient to establish: (a) An element of such offense." The elements of grand larceny in the third degree by false pretenses (Penal Law §§ 155.35, 155.05 [2] [a]), as charged in the first count of the indictment, are (1) intent to deprive an owner of property, (2) the making of a false representation, (3) knowledge of the falsity, (4) obtaining the property of another, and (5) that the owner was induced by the representation to give up the property (*see People v Chaitin*, 94 AD2d 705 [1983], *affd* 61 NY2d 683 [1984]). The elements of offering a false instrument for filing in the first degree (Penal Law § 175.35), as charged in the 2nd through 77th counts of the indictment are (1) knowledge that the instrument is false, (2) intent to defraud the state or any of its subdivisions, and (3) presentation of the instrument for filing (*see People v Chaitin, supra*).

The petitioner contends that each and every element of these alleged crimes were committed in Albany County. There he completed and signed the vouchers, filed them with the Assembly, received payment pursuant to them, and deposited the proceeds in his Albany bank account. Justice Marcus held, nonetheless, that the conduct the petitioner engaged in throughout the period covered by the indictment established his knowledge that he did not incur the expenses for which his vouchers sought reimbursement and that he possessed in Brooklyn the intent required for larceny by false pretenses. This appears correct when analyzed from the standpoint of the conduct of which the petitioner is accused in Kings County, namely, the purchase of goods and services with a credit card to be paid for by the KCDC with the intent to secure for himself reimbursement from the State. This establishes the intent to defraud element of offering a false instrument for filing in the first degree and the knowledge of falsity element of larceny by false pretenses.

CPL 20.40 (1) (a) requires "conduct" within Kings County establishing an element of the offense. This conduct accompanying the petitioner's culpable state of mind took place, perhaps, only in Brooklyn, where the petitioner submitted the credit card statements to the KCDC for payment. Whether he made his

submissions to the KCDC before or after filing his Assembly expense vouchers does not alter the presence in Kings County of his conduct establishing his intent to defraud the State. To argue, as the petitioner seems to, that this analysis divorces intent from actus reus and subjects him to prosecution in any county to which he travels ignores the conduct in which he engaged in Kings County—charging expenses to the KCDC credit card and submitting the statements to the KCDC for payment.

Furthermore, that the petitioner would be subject to prosecution in Albany County, where his conduct in preparing and filing his vouchers took place and where he received payments (*see Matter of Taub v Altman*, 3 NY3d 30, 39 [2004]; *People v Camiola*, 225 AD2d 380, 381 [1996]; *People v Ribowsky*, 156 AD2d 726, 728 [1989], *affd* 77 NY2d 284, 292 [1991]; *People v Chaitin, supra*), does not dislodge geographical jurisdiction in Kings County, where the petitioner also evinced his intent to defraud the State (*see People v Seifert*, 113 AD2d 80, 83 [1985]). In an Albany County prosecution the petitioner's actions in Kings County, with his accompanying culpable mental state, would be admissible. This evidence would be necessary to his successful prosecution in Albany County. Thus, these acts in Kings County would not constitute innocent acts so as to disqualify Kings County from geographical jurisdiction to prosecute him (*cf. Matter of Murtagh v Leibowitz*, 303 NY 311, 316 [1951]).

The presence in Kings County of "conduct" and intent that establish an element of the crimes charged, bestowing geographical jurisdiction under CPL 20.40 (1) (a), does not render superfluous the provisions of CPL 20.40 (4) (k) (ii). This subdivision, added by chapter 575 of the Laws of 1985, broadened the basis for venue for the crimes of larceny by false pretenses and offering a false instrument for filing. It extended geographical jurisdiction to counties where neither the execution and signing nor the mailing of the false instrument took place (*see* Mem of NYS District Attorneys Assn, 1985 NY Legis Ann, at 222). Rather, it gave geographical significance to the county where the mere act of obtaining the goods and services occurred for which reimbursement is sought regardless of the petitioner's intent at the time.

Although we do not know on a count-by-count basis whether geographical jurisdiction is sustainable under CPL 20.40 (1) (a) on the aforementioned theory on which we have just elaborated,

the burden rests on the petitioner to demonstrate a clear legal right to relief by establishing a lack of geographical jurisdiction for each count alleged against him[2] (*see Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]; *Matter of Steingut v Gold, supra*, 42 NY2d 311, 315 [1977]; *Matter of Morgan v Pirro*, 287 AD2d 570, 571 [2001]). Likewise, we find no right to relief in prohibition for Hynes's inadequate instructions to the grand jury concerning CPL 20.40 (1) (a) as a basis for geographical jurisdiction. Under the circumstances of this case, a proceeding pursuant to CPLR article 78 in the nature of prohibition will not succeed for mere inadequacy of instructions to the grand jury where the evidence before it otherwise establishes geographical jurisdiction pursuant to that section (*cf. People v Mitchell*, 82 NY2d 509, 514-515 [1993]; *People v Lancaster*, 69 NY2d 20, 27-28 [1986], *cert denied* 480 US 922 [1987]; *People v Valles*, 62 NY2d 36, 38 [1984]; *People v Calbud, Inc.*, 49 NY2d 389, 395-396 [1980]; *People v Samuels*, 12 AD3d 695, 698 [2004]; *People v Torres*, 252 AD2d 60, 64 [1999]).

Accordingly, we find that the petitioner has not satisfied his burden of demonstrating that geographical jurisdiction over the counts in this indictment is unauthorized by CPL 20.40 (1) (a). We now turn to an analysis of geographical jurisdiction bestowed by CPL 20.40 (4) (k) (ii).

Geographical Jurisdiction: CPL 20.40 (4) (k) (ii)

Another cogent basis for geographical jurisdiction over some of the counts in the indictment in this case is provided by CPL 20.40 (4) (k) (*see Matter of Sharpton v Turner*, 169 AD2d 947, 949 [1991]). Under this provision, we must examine each count to determine whether the petitioner purchased goods or services in Kings County for which he was not entitled to be reimbursed by way of the voucher that is the subject of that count.

The venue theory of the prosecution is that the petitioner purchased goods—gasoline, at least—and paid for services to his car in Kings County. Thus, according to this theory, Kings is a "county in which [some] of the goods and services for which payment or reimbursement is sought by means of [the false instrument] were purported to have been provided."  .

---

**2.** The petitioner has made no attempt to address the indictment on a count-by-count basis but, instead, makes an omnibus objection to the entire indictment as unsupported by CPL 20.40 (1) (a) for its geographical jurisdiction. Therefore, we have no occasion to consider the sufficiency of geographical jurisdiction under this section of the CPL for each count.

Hynes focuses on the word "reimbursement" to fit the petitioner's activities in Brooklyn within this venue provision. The petitioner, on the other hand, highlights the phrase "were purported to have been provided" in contending that the provision only applies to suppliers of goods or services that may or may not have been furnished but for which payment is requested by the filing of the false instrument; and he never supplied any goods or services. The natural meaning of the entire provision, however, covers both the supplier of the goods and services and the purchaser of goods and services who seeks reimbursement. This gives meaning to the phrase "payment or reimbursement" and renders understandable the legislative resort to the passive voice "were purported to have been provided." Indeed, to adopt the petitioner's interpretation, that clause would have required phrasing in the active voice "that the accused, or a person or entity with which he or she acted in concert, purportedly provided." By choosing the passive voice in which the clause is phrased, the legislature revealed its intent to cover both situations of false filers who supplied the goods or services and false filers who seek reimbursement for having purchased the goods or services.

CPL 20.40 (4) (k) (ii) validates jurisdiction in Kings County over only those counts[3] charging false filing for which there was proof of the obtaining, either on the date of travel or the day prior, of goods or services in Kings County. And, this provision would sustain the grand larceny count.[4]

---

**3.** See text at footnote 1 (*supra* at 129). Upon a review of the grand jury minutes and admitted exhibits we find that counts 1, 2-4, 6-12, 15-20, 26, 27, 29, 30, 33-36, 38, 39, 41, 42, 44-47, 50, 54, 55, 59, 60, 62, 64-66, 68-70 and 73-76 are sustainable under CPL 20.40 (4) (k) (ii). Therefore, counts 5, 13, 14, 21-25, 28, 31, 32, 37, 40, 43, 48, 49, 51-53, 56-58, 61, 63, 67, 71, 72 and 77 are not so supported. This means that 48 of the 76 counts charging offering a false instrument for filing in the first degree along with the first count charging grand larceny in the third degree are sustainable under CPL 20.40 (4) (k) (ii). Justice Marcus accounted for only 45 of the counts charging false filing as related to expenses for gas or maintenance in Kings County on the dates the petitioner traveled, the day before, or on one voucher on the day after he returned. We have carefully reviewed the discrepancies between his and our accounting and disagree with respect to his exclusion of counts 11, 12, 26, 46, 65, 68, and 69 and his inclusion of counts 13, 24, 40, and 72.

**4.** Our review of the grand jury exhibits indicates that the vouchers associated with the counts alleging offering a false instrument for filing in the first degree for which Kings County jurisdiction exists pursuant to CPL 20.40 (4) (k) (ii) represent payments to the petitioner of $25,378.70. The dollar amount

Conclusion

The petitioner has failed to demonstrate a clear right to the relief of prohibition on any of his theories. Accordingly, the petition is denied, without costs or disbursements, and the proceeding is dismissed.

ADAMS, J.P., S. MILLER, CRANE and FISHER, JJ., concur.

Adjudged that the petition is denied, without costs or disbursements, and the proceeding is dismissed.

---

of the portion of these vouchers representing payments for his mileage allowance aggregates $5,559.