# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1005**
**KA 10-01048**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

BELTON L. LEE, DEFENDANT-APPELLANT.

---

MICHAEL BALLMAN, CANANDAIGUA, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 30, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and facts, the plea is vacated, those parts of the omnibus motion seeking to suppress tangible evidence and defendant's statement are granted, the indictment is dismissed, and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]), defendant contends that County Court erred in refusing to suppress tangible evidence found in the vehicle that he was driving and his subsequent statement to the police because the police arrested him without probable cause. We agree. Inasmuch as the record does not support certain of the court's findings, including the finding that the police discovered tangible evidence consisting of a dagger and one baggie containing a powdery white residue substance in plain view prior to arresting defendant, we make our own findings of fact.

Upon our review of the suppression hearing testimony, we find that, at approximately 10:00 p.m. on August 7, 2009, two police detectives, a police officer, and the police chief were conducting surveillance of an area outside of a bar known for illegal drug activity. Over the course of a half-hour, the police observed a man with a satchel walk to a parked vehicle in which defendant and another man were seated and then return to an area outside the bar where about 10 to 20 people were standing. According to the police, that sequence occurred between three and five times. When the man with the satchel was at the vehicle, he would reach "well into" the vehicle and, when

he was talking to the people outside the bar, he would shake hands with them in a manner consistent with hand-to-hand drug transactions. The police also observed the man with the satchel use his cell phone and reach into the satchel multiple times. In addition, the vehicle's headlights would occasionally flash on and off. The officers, who were experienced in the detection and sale of illegal drugs, concluded that illegal drug transactions were occurring from the vehicle.

When the police announced their presence, approached the vehicle, and told the men to stop, the man with the satchel ran in the opposite direction and defendant, who had been standing outside the vehicle, ran to the vehicle and drove away. The police pursued the vehicle and stopped it, whereupon defendant was ordered to exit the vehicle and to lie on the ground, while the police chief and a detective had their guns drawn. Defendant was then handcuffed, searched, and placed in the back seat of a police car, and one police witness testified that defendant was arrested at that time. The police chief subsequently observed a dagger and a baggie containing a white residue in the vehicle, in plain view, and an inventory search of the vehicle uncovered another baggie with cocaine residue.

As an initial matter, we agree with the court that the police were justified in approaching the vehicle outside the bar because they had a "founded suspicion that criminal activity [was] afoot," rendering the police encounter lawful at its inception (*People v Moore*, 6 NY3d 496, 498; *see People v De Bour*, 40 NY2d 210, 222-223). We further conclude that the police were justified in pursuing the vehicle inasmuch as "defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that [he] may be engaged in criminal activity, [gave] rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929; *see People v Martinez*, 80 NY2d 444, 447-448; *People v Cady*, 103 AD3d 1155, 1156). Such reasonable suspicion also gave the police the authority to stop the vehicle (*see People v Rose*, 67 AD3d 1447, 1448).

Contrary to the court's conclusion, however, we conclude that the police lacked probable cause to arrest defendant before finding the evidence in plain view in the vehicle. Although "[i]t is well established that not every forcible detention constitutes an arrest" (*People v Drake*, 93 AD3d 1158, 1159, *lv denied* 19 NY3d 1102), we conclude that an arrest occurred here when defendant was handcuffed and placed in the back of a police car. Under such circumstances, "a reasonable man innocent of any crime, would have thought" that he was under arrest (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). "[V]arious factors, when combined with the street exchange of a 'telltale sign' of narcotics, may give rise to probable cause that a narcotics offense has occurred. Those factors relevant to assessing probable cause include the exchange of currency; whether the particular community has a high incidence of drug trafficking; the police officer's experience and training in drug investigations; and any 'additional evidence of furtive or evasive behavior on the part of the participants' " (*People v Jones*, 90 NY2d 835, 837). Here, the police observed neither a " 'telltale sign' " of narcotics, such as a

glassine baggie, nor the exchange of currency (*id.; cf. People v Wade*, 236 AD2d 777, 778, *lv denied* 89 NY2d 1016). Thus, despite the observations of the police outside the bar, their experience in drug investigations, and defendant's flight, we conclude that the police did not have probable cause to arrest defendant before the dagger and first baggie were observed.

Because the arrest of defendant was unlawful, the tangible evidence subsequently discovered and defendant's statement should have been suppressed (*see Cady*, 103 AD3d at 1157). We therefore vacate defendant's plea of guilty and, "because our determination results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed" (*id.*). In view of our determination, we do not address defendant's remaining contentions.

Entered:  October 4, 2013                        Frances E. Cafarell
                                                 Clerk of the Court