# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**991**
**KA 13-00300**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                          MEMORANDUM AND ORDER

CASEY M. HEATHERLY, DEFENDANT-APPELLANT.
_____

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARTIN P. MCCARTHY, II, OF
COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF
COUNSEL), FOR RESPONDENT.
-----------------------------------------------------------------------------------

     Appeal from a judgment of the Ontario County Court (William F.
Kocher, J.), rendered January 4, 2013.  The judgment convicted
defendant, upon a jury verdict, of criminal possession of a controlled
substance in the third degree, perjury in the first degree, criminally
using drug paraphernalia in the second degree (two counts) and
unlawful possession of marihuana.

     It is hereby ORDERED that said appeal from the judgment insofar
as it imposed sentence is unanimously dismissed and the judgment is
modified on the law by reversing that part convicting defendant of
perjury in the first degree and dismissing the fourth count of the
indictment without prejudice to the People to re-present any
appropriate charges under that count to another grand jury and as
modified the judgment is affirmed.

     Memorandum:  On appeal from a judgment convicting her following a
jury trial of, inter alia, perjury in the first degree (Penal Law §
210.15) and criminal possession of a controlled substance in the third
degree (§ 220.16 [1]), defendant contends that County Court erred in
refusing to dismiss the perjury count of the indictment for lack of
specificity.  Contrary to the contention of the People, we conclude
that defendant's contention is preserved for our review, and we agree
with defendant that the perjury count of the indictment should have
been dismissed because it was defectively vague, i.e., it failed to
"set forth the particular falsehood with clarity along with the
government's factual basis for asserting that it [was] false" (*United
States v Serafini*, 7 F Supp 2d 529, 538, *affd* 167 F3d 812; *cf. People
v Ribowsky*, 156 AD2d 726, 727, *affd* 77 NY2d 284).  "An indictment for
perjury must contain all of the essential elements of the offense . .
. and must set forth the alleged false testimony so as to apprise the
defendant of the particular offense with which he [or she] is charged"
(35B NY Jur 2d, Criminal Law: Principles and Offenses § 1494; *see*

*Serafini*, 7 F Supp 2d at 538; *United States v Slawik*, 548 F2d 75, 83-84).  Here, "[n]othing in the record before us gives any indication what the [grand] jury thought was false" (*Slawik*, 548 F2d at 83; *cf. People v Santmyer*, 255 AD2d 871, 872, *lv denied* 93 NY2d 902).  Because the indictment failed to identify the particular falsehoods alleged to have been made by defendant, the indictment failed to provide her with the requisite "fair notice of the accusations made against [her], so that [she would] be able to prepare a defense" (*People v Iannone*, 45 NY2d 589, 594).

Moreover, despite numerous pretrial requests for particularization by defense counsel, the People never identified the particular falsehoods allegedly made by defendant (*cf. Ribowsky*, 156 AD2d at 727).  Rather, the prosecutor identified particular subject "areas that [he] believe[d] [were] perjurious."  " 'To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jur[ors] at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him [or her]' . . . The lack of specific allegations in the District Attorney's charge to the [g]rand [j]ury on the perjury count renders it impossible to determine which specific statement or statements of [defendant] the [g]rand [j]ury found to be false.  It is impossible to determine what the [g]rand [j]ury intended when it voted on the perjury charge . . . Since the [g]rand [j]ury presentation and legal instructions do not answer these questions, the perjury count [should have been] dismissed" (*People v Harkins*, 152 Misc 2d 984, 988-989, quoting *Russell v United States*, 369 US 749, 770).

Defendant failed to preserve for our review her further contention that the evidence is not legally sufficient to support the conviction of the remaining counts of the indictment inasmuch as she failed to renew her motion to dismiss at the close of her proof (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, we conclude that the conviction of the remaining counts is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, we dismiss the appeal to the extent that defendant challenges the severity of the sentence.  Defendant has completed serving her sentence, including any period of postrelease supervision, and, therefore, that part of the appeal is moot (*see People v Boley*, 126 AD3d 1389, 1390, *lv denied* 25 NY3d 1159; *People v Middleton*, 110 AD3d 502, 503, *lv denied* 22 NY3d 1089).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court