# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**112**

**KA 12-01987**

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PHILIP FINCH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 28, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress physical evidence, i.e., heroin, found in the vehicle in which he was a passenger and on his person because the police arrested him without probable cause. We agree.

It is well established that, "[i]n evaluating police conduct, the court must determine whether the action taken was justified in its inception and at every subsequent stage of the encounter" (*People v Nicodemus*, 247 AD2d 833, 835, *lv denied* 92 NY2d 858). Here, there is no dispute that the vehicle was effectively seized when the police positioned their patrol cars to block the vehicle from backing out and leaving the parking lot (*see People v Layou*, 71 AD3d 1382, 1383). Contrary to defendant's contention, however, we conclude that the seizure was lawful inasmuch as "the totality of the information known to the police at the time of the stop of [the vehicle] 'supported a reasonable suspicion of criminal activity . . . [, i.e.,] that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at

hand' " (*People v Andrews*, 57 AD3d 1428, 1429, *lv denied* 12 NY3d 850). Indeed, the evidence at the suppression hearing established that the police had reasonable suspicion that at least one occupant of the vehicle was involved in an earlier violent home invasion burglary in which the suspects had sought drugs and money, and that said occupant had attempted to arrange a drug transaction with an investigator at the location of the seizure (*see People v Strahin*, 114 AD3d 1284, 1284, *lv denied* 23 NY3d 968).

We nonetheless agree with defendant that he was unlawfully arrested without probable cause prior to the police finding packets of heroin in plain view in the vehicle. Although "[i]t is well established that not every forcible detention constitutes an arrest" (*People v Drake*, 93 AD3d 1158, 1159, *lv denied* 19 NY3d 1102), we conclude that defendant was arrested when an officer, with his weapon drawn, opened the unlocked front seat passenger door of the vehicle, physically removed defendant, had him lie down on the ground, handcuffed and searched him, and placed him in a patrol vehicle (*see People v Lee*, 110 AD3d 1482, 1484; *Nicodemus*, 247 AD2d at 835). "Under such circumstances, 'a reasonable [person] innocent of any crime, would have thought' that he [or she] was under arrest" (*Lee*, 110 AD3d at 1484, quoting *People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). Contrary to the People's contention and the court's determination, the officer's conduct " 'went beyond merely ordering defendant from [the vehicle]. [He] took the additional "protective measures" of frisking defendant, handcuffing him and placing him in a police car . . . [S]uch an intrusion amounts to an arrest[,] which must be supported by probable cause' " (*People v Williams*, 79 AD3d 1653, 1654, *affd* 17 NY3d 834; *see People v Johnson*, 102 AD2d 616, 625, *lv denied* 63 NY2d 776). Inasmuch as the police lacked probable cause to arrest defendant before the officer returned to the vehicle and discovered the packets of heroin, the court should have suppressed that evidence, as well as the evidence subsequently found on defendant's person, as fruit of the poisonous tree (*see Lee*, 110 AD3d at 1484). We therefore vacate defendant's guilty plea, and " 'because our determination results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed' " (*id.*).

Finally, we dismiss the appeal to the extent that defendant challenges the severity of his sentence (*see People v Heatherly*, 132 AD3d 1277, 1279). "Defendant has completed serving [his] sentence, including any period of postrelease supervision, and, therefore, that part of the appeal is moot" (*id.*).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court