People v Curry (2022 NY Slip Op 03637)

People v Curry

2022 NY Slip Op 03637

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

437 KA 18-01091

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON M. CURRY, DEFENDANT-APPELLANT. 

JILL PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 26, 2018. The judgment convicted defendant, upon a plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe.
We initially note that defendant is subject to an undischarged period of postrelease supervision, and thus, contrary to the contention of the People, this appeal is not moot (cf. People v Finch, 137 AD3d 1653, 1655 [4th Dept 2016]; People v Heatherly, 132 AD3d 1277, 1279 [4th Dept 2015]).
We agree with defendant that, inasmuch as Supreme Court provided him with erroneous information about the scope of the waiver of the right to appeal and failed to identify that certain rights would survive the waiver, the colloquy was insufficient to ensure that he knowingly, voluntarily and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 564-568 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, the sentence is not unduly harsh or severe.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court